# UNITED STATES *v.* ALVAREZ-SANCHEZ

No. 92–1812.   Argued March 1, 1994—Decided May 2, 1994

THOMAS, J., delivered the opinion of the Court, in which REHNQUIST, C. J., and BLACKMUN, O'CONNOR, SCALIA, KENNEDY, SOUTER, and GINS-BURG, JJ., joined. GINSBURG, J., filed a concurring opinion, in which BLACKMUN, J., joined, *post*, p. 361. STEVENS, J., filed an opinion concurring in the judgment, *post*, p. 361.

*Miguel A. Estrada* argued the cause for the United States. With him on the briefs were *Solicitor General Days, Assistant Attorney General Harris,* and *Deputy Solicitor General Bryson.*

*Carlton F. Gunn* argued the cause and filed a brief for respondent.

JUSTICE THOMAS delivered the opinion of the Court.

This case concerns the scope of 18 U. S. C. § 3501, the statute governing the admissibility of confessions in federal prosecutions. Respondent contends that § 3501(c), which provides that a custodial confession made by a person within six hours following his arrest "shall not be inadmissible solely because of delay in bringing such person" before a

federal magistrate, rendered inadmissible the custodial statement he made more than six hours after his arrest on state criminal charges. We conclude, however, that § 3501(c) does not apply to statements made by a person who is being held solely on state charges. Accordingly, we reverse the judgment of the Court of Appeals.

## I

On Friday, August 5, 1988, officers of the Los Angeles Sheriff's Department obtained a warrant to search respondent's residence for heroin and other evidence of narcotics distribution. While executing the warrant later that day, the officers discovered not only narcotics, but $2,260 in counterfeit Federal Reserve Notes. Respondent was arrested and booked on state felony narcotics charges at approximately 5:40 p.m. He spent the weekend in custody.

On Monday morning, August 8, the Sheriff's Department informed the United States Secret Service of the counterfeit currency found in respondent's residence. Two Secret Service agents arrived at the Sheriff's Department shortly before midday to take possession of the currency and to interview respondent. Using a deputy sheriff as an interpreter, the agents informed respondent of his rights under *Miranda* v. *Arizona*, 384 U. S. 436 (1966). After waiving these rights, respondent admitted that he had known that the currency was counterfeit. The agents arrested respondent shortly thereafter, took him to the Secret Service field office for booking, and prepared a criminal complaint. Due to congestion in the Federal Magistrate's docket, respondent was not presented on the federal complaint until the following day.[1]

Respondent was indicted for unlawful possession of counterfeit currency in violation of 18 U. S. C. § 472. Prior to trial, he moved to suppress the statement he had made dur-

---

[1] For reasons that are not apparent from the record, respondent was never arraigned or prosecuted by the State of California on the state drug charges.

ing his interview with the Secret Service agents. He argued that his confession was made without a voluntary and knowing waiver of his *Miranda* rights, and that the delay between his arrest on state charges and his presentment on the federal charge rendered his confession inadmissible under 18 U. S. C. § 3501(c).[2] The District Court rejected

---

[2] Title 18 U. S. C. § 3501 provides:

"(a) In any criminal prosecution brought by the United States or by the District of Columbia, a confession, as defined in subsection (e) hereof, shall be admissible in evidence if it is voluntarily given. Before such confession is received in evidence, the trial judge shall, out of the presence of the jury, determine any issue as to voluntariness. If the trial judge determines that the confession was voluntarily made it shall be admitted in evidence . . . .

"(b) The trial judge in determining the issue of voluntariness shall take into consideration all the circumstances surrounding the giving of the confession, including (1) the time elapsing between arrest and arraignment of the defendant making the confession, if it was made after arrest and before arraignment . . . .

"The presence or absence of any of the above-mentioned factors to be taken into consideration by the judge need not be conclusive on the issue of voluntariness of the confession.

"(c) In any criminal prosecution by the United States or by the District of Columbia, a confession made or given by a person who is a defendant therein, while such person was under arrest or other detention in the custody of any law-enforcement officer or law-enforcement agency, shall not be inadmissible solely because of delay in bringing such person before a magistrate or other officer empowered to commit persons charged with offenses against the laws of the United States or of the District of Columbia if such confession is found by the trial judge to have been made voluntarily and if the weight to be given the confession is left to the jury and if such confession was made or given by such person within six hours immediately following his arrest or other detention: *Provided,* That the time limitation contained in this subsection shall not apply in any case in which the delay in bringing such person before such magistrate or other officer beyond such six-hour period is found by the trial judge to be reasonable considering the means of transportation and the distance to be traveled to the nearest available such magistrate or other officer.

"(d) Nothing contained in this section shall bar the admission in evidence of any confession made or given voluntarily by any person to any other person without interrogation by anyone, or at any time at which

both contentions and denied the motion. Respondent subsequently was convicted after a jury trial at which the statement was admitted into evidence.

The United States Court of Appeals for the Ninth Circuit vacated the conviction. 975 F. 2d 1396 (1992). The court first outlined the exclusionary rule developed by this Court in a line of cases including *McNabb* v. *United States*, 318 U. S. 332 (1943), and *Mallory* v. *United States*, 354 U. S. 449 (1957). The so-called *McNabb-Mallory* rule, adopted by this Court "[i]n the exercise of its supervisory authority over the administration of criminal justice in the federal courts," *McNabb*, *supra*, at 341, generally rendered inadmissible confessions made during periods of detention that violated the prompt presentment requirement of Rule 5(a) of the Federal Rules of Criminal Procedure. See *Mallory*, *supra*, at 453. Rule 5(a) provides that a person arrested for a federal offense shall be taken "without unnecessary delay" before the nearest federal magistrate, or before a state or local judicial officer authorized to set bail for federal offenses under 18 U. S. C. § 3041, for a first appearance, or presentment.

The Ninth Circuit went on to discuss the interrelated provisions of 18 U. S. C. § 3501 and the decisions of the Courts of Appeals that have sought to discern the extent to which this statute curtailed the *McNabb-Mallory* rule. Section 3501(a), the court observed, states that a confession "shall be admitted in evidence" if voluntarily made, and § 3501(b) lists several nonexclusive factors that the trial judge should consider when making the voluntariness determination, including "the time elapsing between arrest and arraignment of the defendant making the confession, if it was made after arrest and before arraignment." Section 3501(c) provides

---

the person who made or gave such confession was not under arrest or other detention.

"(e) As used in this section, the term 'confession' means any confession of guilt of any criminal offense or any self-incriminating statement made or given orally or in writing."

that a confession made by a person within six hours following his arrest or other detention "shall not be inadmissible" solely because of delay in presenting the person to a federal magistrate. The Ninth Circuit construed § 3501(c) as precluding suppression under *McNabb-Mallory* of any confession made during this "safe harbor" period following arrest. 975 F. 2d, at 1399. The court then reasoned that, by negative implication, § 3501(c) must in some circumstances allow suppression of a confession made more than six hours after arrest solely on the basis of pre-presentment delay, "regardless of the voluntariness of the confession." *Id.*, at 1401. The court thus concluded that the *McNabb-Mallory* rule, in either a pure or slightly modified form, applies to confessions made after the expiration of the safe harbor period.

Turning to the facts of the case before it, the court determined that § 3501(c) applied to respondent's statement because respondent was in custody and had not been presented to a magistrate at the time of the interview. The court concluded that the statement fell outside the subsection's safe harbor because it was not made until Monday afternoon, nearly three days after respondent's arrest on state charges. 975 F. 2d, at 1405, and n. 8 (citing *United States* v. *Fouche,* 776 F. 2d 1398, 1406 (CA9 1985)). Because the statement was not made within the § 3501(c) safe harbor period, the court applied both its pure and modified versions of the *McNabb-Mallory* rule and held that, under either approach, the confession should have been suppressed. 975 F. 2d, at 1405–1406.

We granted the Government's petition for a writ of certiorari in order to consider the Ninth Circuit's interpretation of § 3501. 510 U. S. 912 (1993).

II

The parties argue at some length over the proper interpretation of subsections (a) and (c) of 18 U. S. C. § 3501, and, in particular, over the question whether § 3501(c) requires

suppression of a confession that is made by an arrestee prior to presentment and more than six hours after arrest, regardless of whether the confession was voluntarily made. The Government contends that through §3501, Congress repudiated the *McNabb-Mallory* rule in its entirety. Under this theory, §3501(c) creates a safe harbor that prohibits suppression on grounds of pre-presentment delay if a confession is made within six hours following arrest, but says nothing about the admissibility of a confession given beyond that 6-hour period. The admissibility of such a confession, the Government argues, is controlled by §3501(a), which provides that voluntary confessions "shall be admitted in evidence."

Largely agreeing with the Ninth Circuit, respondent contends that §3501(c) codified a limited form of the *McNabb-Mallory* rule—one that requires the suppression of a confession made before presentment but after the expiration of the safe harbor period. A contrary interpretation of §3501(c), respondent argues, would render that subsection meaningless in the face of §3501(a).

As the parties recognize, however, we need not address subtle questions of statutory construction concerning the safe harbor set out in §3501(c), or resolve any tension between the provisions of that subsection and those of §3501(a), if we determine that the terms of §3501(c) were never triggered in this case. We turn, then, to that threshold inquiry.

When interpreting a statute, we look first and foremost to its text. *Connecticut Nat. Bank* v. *Germain,* 503 U. S. 249, 253–254 (1992). Section 3501(c) provides that in any federal criminal prosecution,

> "a confession made or given by a person who is a defendant therein, while such person was under arrest or other detention in the custody of any law-enforcement officer or law-enforcement agency, shall not be inadmissible solely because of delay in bringing such person before a

magistrate or other officer empowered to commit persons charged with offenses against the laws of the United States or of the District of Columbia if such confession is found by the trial judge to have been made voluntarily and if . . . such confession was made or given by such person within six hours immediately following his arrest or other detention."

Respondent contends that he was under "arrest or other detention" for purposes of § 3501(c) during the interview at the Sheriff's Department, and that his statement to the Secret Service agents constituted a confession governed by this subsection. In respondent's view, it is irrelevant that he was in the custody of the local authorities, rather than that of the federal agents, when he made the statement. Because the statute applies to persons in the custody of *"any"* law enforcement officer or law enforcement agency, respondent suggests that the § 3501(c) 6-hour time period begins to run whenever a person is arrested by local, state, *or* federal officers.

We believe respondent errs in placing dispositive weight on the broad statutory reference to "any" law enforcement officer or agency without considering the rest of the statute. Section 3501(c) provides that, if certain conditions are met, a confession made by a person under "arrest or other detention" shall not be inadmissible in a subsequent federal prosecution "solely because of *delay* in bringing such person before a magistrate or other officer empowered to commit persons charged with offenses against the laws of the United States or of the District of Columbia." 18 U. S. C. § 3501(c) (emphasis added). Clearly, the terms of the subsection can apply only when there is some "delay" in presentment. Because "delay" is not defined in the statute, we must construe the term "in accordance with its ordinary or natural meaning." *FDIC* v. *Meyer*, 510 U. S. 471, 476 (1994). To delay is "[t]o postpone until a later time" or to "put off an action"; a delay is a "postponement." American Heritage Dictionary

493 (3d ed. 1992). The term presumes an obligation to act. Thus, there can be no "delay" in bringing a person before a federal magistrate until, at a minimum, there is some obligation to bring the person before such a judicial officer in the first place. Plainly, a duty to present a person to a federal magistrate does not arise until the person has been arrested for a *federal* offense. See Fed. Rule Crim. Proc. 5(a) (requiring initial appearance before a federal magistrate).[3] Until a person is arrested or detained for a federal crime, there is no duty, obligation, or reason to bring him before a judicial officer "empowered to commit persons charged with offenses against the laws of the United States," and therefore, no "delay" under § 3501(c) can occur.

In short, it is evident "from the context in which [the phrase] is used," *Deal* v. *United States*, 508 U. S. 129, 132 (1993), that the "arrest or other detention" of which the subsection speaks must be an "arrest or other detention" for a violation of *federal* law. If a person is arrested and held on a federal charge by "any" law enforcement officer—federal, state, or local—that person is under "arrest or other detention" for purposes of § 3501(c) and its 6-hour safe harbor period. If, instead, the person is arrested and held on state charges, § 3501(c) does not apply, and the safe harbor is not implicated. This is true even if the arresting officers (who, when the arrest is for a violation of state law, almost certainly will be agents of the State or one of its subdivisions) believe or have cause to believe that the person also may have violated federal law. Such a belief, which may not be uncommon given that many activities are criminalized under both state and federal law, does not alter the underlying basis for the arrest and subsequent custody. As long as a person is arrested and held only on state charges by state or local authorities, the provisions of § 3501(c) are not triggered.

---

[3] As we observed in *Mallory* v. *United States*, 354 U. S. 449 (1957), Rule 5(a) is part of "[t]he scheme for initiating a *federal* prosecution." *Id.*, at 454 (emphasis added).

In this case, respondent was under arrest on *state* narcotics charges at the time he made his inculpatory statement to the Secret Service agents. The terms of § 3501(c) thus did not come into play until respondent was arrested by the agents on a federal charge—*after* he made the statement. Because respondent's statement was made voluntarily, as the District Court found, see App. to Pet. for Cert. 45a, nothing in § 3501 authorized its suppression. See 18 U. S. C. §§ 3501(a), (d). The State's failure to arraign or prosecute respondent does not alter this conclusion. Although Congress could have provided that the exercise of prosecutorial discretion by the State in this scenario retroactively transforms time spent in the custody of state or local officers into time spent under "arrest or other detention" for purposes of § 3501(c), it did not do so in the statute as written. Cf. *Germain*, 503 U. S., at 253–254.

Although we think proper application of § 3501(c) will be as straightforward in most cases as it is here, the parties identify one presumably rare scenario that might present some potential for confusion; namely, the situation that would arise if state or local authorities, acting in collusion with federal officers, were to arrest and detain someone in order to allow the federal agents to interrogate him in violation of his right to a prompt federal presentment. Long before the enactment of § 3501, we held that a confession obtained during such a period of detention must be suppressed if the defendant could demonstrate the existence of improper collaboration between federal and state or local officers. See *Anderson* v. *United States*, 318 U. S. 350 (1943).[4] In this

---

[4] In *Anderson*, a local sheriff, acting without authority under state law, arrested several men suspected of dynamiting federally owned power lines during the course of a labor dispute and allowed them to be interrogated for several days by agents of the Federal Bureau of Investigation. Only after the suspects made confessions were they arrested by the federal agents and arraigned before a United States Commissioner. We held the confessions to be inadmissible as the "improperly" secured product of an impermissible "working arrangement" between state and federal officers. 318 U. S., at 356.

case, however, we need not address § 3501's effect, if any, on the rule announced in *Anderson.* The District Court concluded that there was "no evidence" that a "collusive arrangement between state and federal agents . . . caused [respondent's] confession to be made," App. to Pet. for Cert. 50a, and we see no reason to disturb that factual finding. It is true that the Sheriff's Department informed the Secret Service agents that counterfeit currency had been found in respondent's possession, but such routine cooperation between local and federal authorities is, by itself, wholly unobjectionable: "Only by such an interchange of information can society be adequately protected against crime." *United States* v. *Coppola,* 281 F. 2d 340, 344 (CA2 1960) (en banc), aff'd, 365 U. S. 762 (1961). Cf. *Bartkus* v. *Illinois,* 359 U. S. 121, 123 (1959).[5]

## III

For the foregoing reasons, the judgment of the Court of Appeals is reversed, and the case is remanded for further proceedings consistent with this opinion.

*So ordered.*

---

[5] Respondent urges that the judgment below should be affirmed on an alternative ground. Although he was initially arrested on state charges on a Friday afternoon and held in local custody until Monday afternoon, respondent was not brought before a magistrate during this period. In *County of Riverside* v. *McLaughlin,* 500 U. S. 44, 57 (1991), we held that the Fourth Amendment generally requires a judicial determination of probable cause within 48 hours of a warrantless arrest. Relying on *McLaughlin* and *Gerstein* v. *Pugh,* 420 U. S. 103 (1975), respondent now asserts that his confession was obtained during an ongoing violation of his Fourth Amendment right to a prompt determination of probable cause. Respondent, however, did not raise a Fourth Amendment claim in the District Court or the Court of Appeals; he argued for suppression based only on the Fifth Amendment and § 3501. Finding no exceptional circumstances that would warrant reviewing a claim that was waived below, we adhere to our general practice and decline to address respondent's Fourth Amendment argument. See *Granfinanciera, S. A.* v. *Nordberg,* 492 U. S. 33, 38–39 (1989); *Heckler* v. *Campbell,* 461 U. S. 458, 468–469, n. 12 (1983).

JUSTICE GINSBURG, with whom JUSTICE BLACKMUN joins, concurring.

When Alvarez-Sanchez was arrested by the Los Angeles Sheriff's Department, 18 U. S. C. § 3501(c) was not triggered. As the Court explains, an arrest by state or local law enforcement authorities on state criminal charges is not an "arrest or other detention" within the meaning of § 3501(c), and there is no evidence in this case of any "improper collaboration," *ante*, at 359, or "working arrangement," *Anderson* v. *United States*, 318 U. S. 350, 356 (1943), between local and federal authorities. See *ante*, at 357–360, and n. 4. I write separately only to emphasize that we do *not* decide today a question on which the Courts of Appeals remain divided: the effect of § 3501(c) on confessions obtained more than six hours after an arrest on federal charges. See *ante*, at 356, 359–360.*

JUSTICE STEVENS, concurring in the judgment.

The Court holds that § 3501(c) "does not apply to statements made by a person who is being held solely on state charges." *Ante*, at 352. While I agree with the Court's answer to the narrow question the petition for certiorari presents,[1] I write separately to emphasize the importance of the factual premise underlying that answer.

---

*Compare, *e. g.*, 975 F. 2d 1396, 1402–1403 (1992) (decision below), and *United States* v. *Perez*, 733 F. 2d 1026, 1031 (CA2 1984) ("[§]3501 leaves the *McNabb-Mallory* rule intact with regard to confessions obtained after a six hour delay not found to be reasonable"); *United States* v. *Robinson*, 439 F. 2d 553, 563–564 (CADC 1970) (same), with *United States* v. *Christopher*, 956 F. 2d 536, 538–539 (CA6 1991) (under § 3501, unnecessary delay of more than six hours, "standing alone, is not sufficient to justify the suppression of an otherwise voluntary confession"), cert. denied, 505 U. S. 1207 (1992); *United States* v. *Beltran*, 761 F. 2d 1, 8 (CA1 1985) (same).

[1] The question presented is "Whether a confession given to federal authorities while a suspect is in state custody awaiting arraignment on state charges must be suppressed as a result of delay between the suspect's original arrest by state authorities and his eventual presentment on the federal crime to which he confessed." Pet. for Cert. I.

As the case comes to us, it is undisputed that respondent confessed while he was being held on state charges alone. 975 F. 2d 1396, 1398 (CA9 1992). Accepting that, the Court of Appeals held that the confession nevertheless must be suppressed because it read the phrase "detention in the custody of any law-enforcement officer or law-enforcement agency" in 18 U. S. C. § 3501(c) to include custody solely on state charges. 975 F. 2d, at 1405. The Court of Appeals therefore had no occasion to consider whether the state police officers' awareness of respondent's probable involvement in two federal crimes[2] might indicate that the state charges were not the sole basis for his detention.

In its petition for certiorari the Government correctly advised us that "[r]eversal of the Ninth Circuit's erroneous conclusion that the relevant arrest was effected by California authorities will obviate the need to consider" additional issues. Pet. for Cert. 13. Accordingly, what sort of cooperation between federal and local authorities would remove a case from the category in which the custody is decidedly on state charges alone is a question not before us, and the Court correctly declines to address the matter. Surely, however, cases in which cooperation between state and federal authorities requires compliance with the terms of § 3501(c) are not merely hypothetical examples of a "presumably rare scenario," *ante*, at 359. And I definitely would not assume that § 3501(c) will never "come into play" until a suspect is arrested on a federal charge. *Ibid.*

The Court also has no reason to comment on the District Court's finding that respondent's confession was not the product of collusion between state and federal agents.

---

[2] Los Angeles police officers took respondent into custody on a Friday. 975 F. 2d 1396, 1397–1398 (CA9 1992). At the time of arrest, those officers discovered that respondent possessed two kinds of contraband—narcotics and counterfeit money, *id.*, at 1398—and they presumably realized that he was guilty of at least two federal offenses as well as the state-law violation for which he was arrested.

*Ante,* at 360. The Court of Appeals' construction of the statute made review of that finding unnecessary. Thus while the Court rightly declines to "disturb" the factual finding, *ibid.,* it should likewise stop short of suggesting that anyone on this Court has determined that the finding is either correct or incorrect.

For these reasons, I concur in the Court's judgment but do not join its opinion.