Stanley PLATEK, Laszlo Varga, Sam McCullough, Thomas Haney, Sr., Mark Rimlinger, Thomas Von Geis, Harry Wright, John Malezi, Frank Tripodi, Nick Roman and Margaret Burton, Plaintiffs,

v.

DUQUESNE CLUB, a Pennsylvania Corporation, Defendant.

Civil Action No. 94–901.

United States District Court, W.D. Pennsylvania.

Oct. 14, 1994.

John R. Linkosky, Pittsburgh, for Plaintiff.

Stephen Olson, Pittsburgh, for Defendant.

### MEMORANDUM OPINION

BLOCH, District Judge.

Presently before the Court is defendant's motion to dismiss the fifth paragraph of plaintiffs' amended complaint for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). At a conference on August 8, 1994, the Court informed the parties that it would treat defendant's motion to dismiss as a motion for summary judgment and allowed plaintiffs an opportunity to present evidence in opposition to the motion. For the reasons stated in this opinion, defendant's motion will be granted in part and denied in part.

### I. Background

Plaintiffs, Platek, Varga, McCullough, Haney, Sr., Rimlinger, Von Geis, Tripodi, Roman and Burton, are wait staff employees of the Duquesne Club (the Club). Plaintiff Malezi was a banquet captain employed by the Club prior to his separation from employment on June 2, 1994. With the exception of Malezi, who no longer works for the Club, and Burton, who is employed by the Club as a waitress, the remaining plaintiffs are employed by the Club as banquet captains.

The Club currently does not claim a tip credit under § 3(m) of the Fair Labor Standards Act (FLSA). Rather, pursuant to an agreement between the Club and the Duquesne Club Employees Association (Association), employees at banquet functions are paid a wage rate of at least $4.25 per hour in addition to certain set sums of gratuities. The parties agree that the gratuities in question are "tips" and that plaintiffs are "tipped employees" under the FLSA.[1] From the tips collected by the Club, a set sum of tip money is distributed to specific wait staff employees, including waiters, waitresses and bus persons, and the remaining amount is distributed evenly to the food and beverage director, assistant food and beverage director and the banquet captains.

Defendant states that all waitresses and banquet captains currently receive wages in excess of the federal statutory minimum wage of $4.25 an hour. Plaintiffs Tripodi and Burton acknowledge that they currently receive hourly wage rates in excess of the minimum wage but they contend that the Club's practice of taking their tips and distributing the tip money to employees who do not customarily and regularly receive tips results in a violation of § 3(m). Plaintiff Burton, however, further states that prior to October 1, 1991, the Club paid her at the rate of $4.12 an hour to serve dinners and that it claimed a $0.13 tip credit.

The fifth paragraph of plaintiffs' complaint alleges that the Club's payment schedule constitutes willful and repeated violations of FLSA § 3(m) and § 15(a)(2).[2] Plaintiffs allege that the Club's practice of requiring wait staff employees to remit their tip monies to the Club to be shared with employees of the Club who are employed in positions that do not "customarily and regularly" receive tips violates § 3(m). Plaintiffs base their argument on administrative opinions and case law which indicate that tips are the property of the tipped employee and that there can be no valid agreement between the employer and

---

1. A "tipped employee" is "any employee engaged in an occupation in which he customarily and regularly receives more than $30 a month in tips." FLSA § 3(t), 29 U.S.C. § 203(t).

2. The paragraph reads as follows:

   Defendant, Duquesne Club, in many workweeks, repeatedly and willfully violated the provisions of Sections 3(m). and 15(a)(2) of the Act, by unlawfully requiring Plaintiffs, Stanley Platek, Laszlo Varga, Sam McCullough, Thomas Haney, Sr., Mark Rimlinger, Thomas Von Geis, Harry Wright, John Malezi, Frank Tripodi, Nick Roman and Margaret Burton, who are all employees engaged in commerce or the production of goods for commerce, or employed in an enterprise engaged in commerce or the production of goods for commerce, within the meaning of the Act, to remit their tip monies to the Duquesne Club to be shared with employees of the Duquesne Club who are employed in occupations which do not, "customarily and regularly" receive tips and who are not "tipped employees" within the meaning of Section 3(t) of the Act.

   (Complaint at ¶ 5) (emphasis added).

employee that allows the employer to appropriate the tip monies for its own purposes or to distribute them to traditionally non-tipped employees.

Defendant maintains that plaintiffs' claim set forth in paragraph 5 of the complaint fails as a matter of law for two reasons. First, defendant contends that § 3(m) does not apply to the Club because it pays plaintiffs a wage rate in excess of the minimum wage rate. Second, it argues that § 3(m) does not apply to an employer unless the employer claims the tip credit.

## II. Discussion

A motion for summary judgment may be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In considering a motion for summary judgment, the Court must examine the facts in a light most favorable to the party opposing the motion. *Big Apple BMW, Inc. v. BMW of North America, Inc.,* 974 F.2d 1358, 1363 (3d Cir.), *cert. denied,* 507 U.S. 912, 113 S.Ct. 1262, 122 L.Ed.2d 659 (1993); *International Raw Materials, Ltd. v. Stauffer Chemical Co.,* 898 F.2d 946, 949 (3d Cir.1990).

The issues in this case require an interpretation of FLSA § 3(m). Statutory interpretation begins with an examination of the language of the statute. *United States v. Alvarez–Sanchez,* 511 U.S. 350, 355–58, 114 S.Ct. 1599, 1603, 128 L.Ed.2d 319 (1994); *United States v. Schneider,* 14 F.3d 876, 879 (3d Cir.1994). If the language of the statute is expressed in plain terms, then those terms are considered conclusive. *Negonsott v. Samuels,* 507 U.S. 99, 104–06, 113 S.Ct. 1119, 1123, 122 L.Ed.2d 457 (1993). In ascertaining the plain meaning of the statutory language, however, the Court should avoid an interpretation that leads to an absurd result. *Anderson v. United States,* 203 Ct. Cl. 412, 490 F.2d 921, 928, *cert. denied,* 419 U.S. 827, 95 S.Ct. 47, 42 L.Ed.2d 52 (1974).

Section 3(m) of the FLSA, which is commonly referred to as the tip credit provision, reads as follows:

> In determining the wage of a tipped employee, the amount paid such employee by his employer shall be deemed to be increased on account of tips by an amount determined by the employer, but not by an amount in excess of ... 50 percent of the applicable minimum wage rate after March 31, 1991, except that the amount of the increase on account of tips determined by the employer may not exceed the value of tips actually received by the employee. *The previous sentence shall not apply with respect to any tipped employee unless (1) such employee has been informed by the employer of the provisions of this subsection, and (2) all tips received by such employee have been retained by the employee, except that this subsection shall not be construed to prohibit the pooling of tips among employees who customarily and regularly receive tips.*

FLSA § 3(m), 29 U.S.C. § 203(m) (emphasis added).

■ The FLSA is a remedial statute designed "to correct and as rapidly as practicable to eliminate unfair labor practices." FLSA § 2, 29 U.S.C. § 202. Section 3(m) allows an employer to reduce tipped employees' wages below the statutory minimum wage by an amount to be supplemented by tips received by the employees, but only if the employer informs the employees of the tip credit provision and the employees retain possession of the tips or the tips are distributed pursuant to a valid tip pooling agreement. *Reich v. Chez Robert, Inc.,* 821 F.Supp. 967, 976 (D.N.J.1993), *vacated and remanded on other grounds,* 28 F.3d 401 (3d Cir.1994).

■ The central issue raised by defendant's motion is whether the participation of the food and beverage director and the assistant food and beverage director in the tip pooling arrangement causes a violation of § 3(m) of the FLSA. According to plaintiffs, the tip pooling arrangement is unlawful because these "non-tipped" employees share in the tips.

The Club argues that the plain meaning of § 3(m) renders the provision inapplicable to the Club because it does not take a tip credit. According to the collective bargaining agreement between the Club and the Association, the Club currently pays its employees the full minimum wage plus a set sum in tips.

The 1974 amendments to § 3(m) were intended "to make clear the original Congressional intent that an employer could not use the tips of a tipped employee to satisfy more than 50 percent of the Act's applicable minimum wage." *Richard v. Marriott Corp.*, 549 F.2d 303, 304 (4th Cir.), *cert. denied*, 433 U.S. 915, 97 S.Ct. 2988, 53 L.Ed.2d 1100 (1977).

According to a 1989 Department of Labor Wage–Hour Opinion Letter:

> Where the employer does not claim a tip credit under § 3(m) of the Act, the pooling of tips among employees would become an issue under the minimum wage provisions of the Act only if both (1) such pooling deprives a tipped employee of any amount of the tips such employee actually received and (2) the employer does not pay a sufficiently high cash wage to reimburse such employee for such loss, plus at least minimum wage. . . . If there is not a valid tip pool, the employee would, in effect, contribute part of his or her property to the employer or to other persons for the benefit of the employer, with the result that the employee would not have received the full minimum wage "free and clear," as required by 29 C.F.R. § 531.35.

Opinion, WH–536, 6(a) Wage & Hour Cas. (BNA) 99:1339 (Oct. 26, 1989).

Examining the language of § 3(m), the Court finds that the section plainly does not apply unless the employer seeks to claim the tip credit. Only if the employer seeks to claim the tip credit and fails to meet the conditions set forth in § 3(m) may the employer violate the provisions of § 3(m). Therefore, because the employer in this case has elected not to claim the tip credit set forth in § 3(m), the Court finds that it cannot violate § 3(m) as a matter of law.[3] With regard to plaintiff Burton's claim alleging unlawful practices prior to October 1, 1991,

the Court finds that material issues of fact preclude the entry of summary judgment at this time. With regard to the remaining plaintiffs and plaintiff Burton subsequent to October 1, 1991, however, the material facts are not disputed and summary judgment is, therefore, appropriate.

An appropriate Order will be issued.

### ORDER

AND NOW, this 14th day of October, 1994, upon consideration of Defendant's Motion to Dismiss for Failure to State a Claim (document No. 4) filed in the above captioned matter on July 18, 1994, which this Court converted to a Motion for Summary Judgment, and upon further consideration of Plaintiffs' Response thereto, and for the reasons set forth in this Court's Memorandum Opinion filed herewith,

IT IS HEREBY ORDERED that said Motion is GRANTED in part and DENIED in part, to wit:

1. Said Motion is GRANTED, and judgment be, and hereby is entered in favor of defendant and against plaintiffs as to paragraph 5 of the complaint as follows: in favor of defendant, Duquesne Club, and against plaintiffs Platek, Varga, McCullough, Haney, Sr., Rimlinger, Von Geis, Wright, Malezi, Tripodi, and Roman, and against plaintiff Burton to the extent plaintiff Burton alleges unlawful practices after October 1, 1991;

3. Said Motion is DENIED with respect to paragraph 5 of plaintiffs' complaint to the extent plaintiff Burton alleges unlawful practices prior to October 1, 1991.

---

**3.** Whether the tip pooling arrangement challenged in this case violates the minimum wage provisions of the FLSA is not an issue that can be decided at this stage of the litigation.