**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 95-5960

MIGUEL RODRIGUEZ-MARTINEZ,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Richard B. Kellam, Senior District Judge.
(CA-95-20)

Submitted: July 23, 1996

Decided: August 5, 1996

Before MURNAGHAN, ERVIN, and WILKINS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Sherman Carl Smith, Newport News, Virginia, for Appellant.
Helen F. Fahey, United States Attorney, Fernando Groene, Assistant
United States Attorney, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

On March 31, 1995, Miguel Rodriguez-Martinez was taken into custody in Hampton, Virginia on state charges of carrying a concealed weapon. Local authorities notified the Immigration and Naturalization Service (INS) that Rodriguez-Martinez carried an alien registration, or green, card that appeared to have been altered. The INS filed a detainer with the Hampton sheriff's office pending verification of Rodriguez-Martinez's identification. On April 10, an INS agent interviewed Rodriguez-Martinez, who gave a sworn statement admitting that he was a citizen of Mexico, that he had been deported, and that he knew he was not permitted to return. Rodriguez-Martinez admitted in the interview that he bought the green card and obtained the handgun in New York City.

Rodriguez-Martinez was convicted of reentry into the United States after deportation, in violation of 8 U.S.C.A. § 1326 (West Supp. 1996); possession of a firearm by a convicted felon, in violation of 18 U.S.C.A. § 922(g)(1) (West Supp. 1996); possession of a firearm by an alien, in violation of 18 U.S.C.A. § 922(g)(5) (West Supp. 1996); false representation of citizenship, in violation of 18 U.S.C.A. § 911 (West Supp. 1996); and possession of a fraudulent alien registration card, in violation of 18 U.S.C.A. § 1546(a) (West Supp. 1996). He was sentenced to 162 months imprisonment on count 1, 120 months on counts 2, 3, and 5, and 36 months on count 4, all to be served concurrently. The court also imposed a term of three years supervised release on counts 1, 2, 3, and 5, and 1 year on count 4, all to be served concurrently. A $50 special assessment was imposed on each count.

On appeal, Rodriguez-Martinez raises two claims: (1) the district court erred in denying his motion to suppress, as his confession was not taken within six hours of his arrest in violation of 18 U.S.C. § 3501(c) (1988); and (2) the district court erred in denying his motion for mistrial following an improper comment by the prosecutor in closing argument. We find both claims to be without merit, and affirm the convictions.

Under 18 U.S.C. § 3501(c), a confession will not be inadmissible in a federal proceeding solely for reasons of delay if it is made within

six hours of the arrest and certain other conditions are met. Rodriguez-Martinez argues that his confession should have been suppressed because ten days elapsed between his arrest and confession. The Supreme Court has recently held that the provisions of § 3501(c) are not triggered if the defendant is held only on state charges by state or local authorities. United States v. Alvarez-Sanchez, ___ U.S. ___, 62 U.S.L.W. 4289, 4292 (U.S. May 2, 1994) (No. 92-1812). Rodriguez-Martinez argues that the local police colluded with federal authorities in this case, to allow the federal agents to obtain a confession "in violation of his right to a prompt federal presentment." Id.

Following a suppression hearing, the district court found no evidence of collusion between state and federal authorities. These findings are not clearly erroneous, and we agree with the district court that § 3501(c) is inapplicable to the situation at hand. Rodriguez-Martinez was held solely on state charges at the time of his confession to the INS agent; there was no evidence of collusion between the federal and local officials.

Rodriguez-Martinez testified at trial that he came back to this country so that he could get a good job and earn enough money to support his three children, who lived in Texas. In his rebuttal argument, the prosecutor commented, "[w]hy is he not providing for them in Texas? You all know that there's plenty of jobs in Texas." Rodriguez-Martinez moved for a mistrial, which was denied by the district court.

Rodriguez-Martinez argues that this comment was improper, and denied him due process and a fair trial. Prosecutorial comments are improper when they so infect the trial with unfairness that the resulting conviction is a denial of due process. Darden v. Wainwright, 477 U.S. 168, 181 (1986). This comment merely attempted to draw the jurors' attention to the weakness of Rodriguez-Martinez's explanation for his reentry into the United States after deportation. The remark is not unfair or improper.

Accordingly, we affirm Rodriguez-Martinez's convictions. We dispense with oral argument because the facts and legal contentions are

3

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4