**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Larry Kent WALKER, Defendant–
Appellant.**

No. 05–10678.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 13, 2006.

Filed Jan. 12, 2007.

Joseph Welty, AUSA, Michael T. Morrissey, Esq., Ann Birmingham Scheel, Esq., USPX—Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Daniel L. Kaplan, Esq., Osborn Maledon, P.A., Phoenix, AZ, for Defendant–Appellant.

* The Honorable Stephen G. Larson, United States District Judge for the Central District of California, sitting by designation.

Before: KLEINFELD and THOMAS, Circuit Judges, and LARSON *, District Judge.

## MEMORANDUM **

Larry Kent Walker appeals his conviction for felony murder, second degree murder, two counts of assault and the sentences imposed thereon. We affirm. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

## I

The district court correctly held that Walker's statements to law enforcement authorities were admissible because of the delay between tribal arrest and federal arraignment. We review *de novo* the district court's interpretation of 18 U.S.C. § 3501(c). *United States v. Wilson,* 838 F.2d 1081, 1083, 1085 (9th Cir.1988). We review for clear error the district court's factual findings related to the pre-arraignment delay. *United States v. Padilla–Mendoza,* 157 F.3d 730, 732 (9th Cir.1998).

■ Walker argues that the federal government and tribal law enforcement colluded in order to question him about the federal charges while he was in tribal custody. Generally, federal authorities may interview someone in local government custody. *United States v. Michaud,* 268 F.3d 728, 734 (9th Cir.2001) (citing *United States v. Halbert,* 436 F.2d 1226, 1229 (9th Cir.1970)). However, if local authorities colluded with federal officers to arrest and detain someone in order to interrogate him in violation of his right to prompt federal presentment, a confession obtained during this period must be suppressed. *United*

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

*States v. Alvarez–Sanchez*, 511 U.S. 350, 359, 114 S.Ct. 1599, 128 L.Ed.2d 319 (1994). In order to prove collusion, the defendant must show a "deliberate intent to deprive a defendant of her federal procedural rights." *Michaud*, 268 F.3d at 734 (citing *United States v. Doe*, 155 F.3d 1070, 1078 (9th Cir.1998) (en banc)). The defendant bears the burden to show actual collusion; "a bare suspicion" of such collusion is insufficient. *Id.*

Here, the district court carefully considered the testimony of the officers and made a factual finding that there was no collusion. This finding is amply supported by the record. BIA agent Moran testified there was no collusion or cooperation between the two authorities. Tribal police officer Savage testified that federal authorities did not ask for tribal assistance. FBI agent Fuller testified that he was unaware of any tribal arrests for Walker. BIA agent Lietch testified that there was no collusion. Given the weight of this testimony, the district court did not err—much less commit clear error—in making the finding that the defendant had not sustained his burden of showing that he was deprived of his federal right to prompt presentment.

■ Walker points to additional statements made by Lietch at trial and contends that these statements contradict his earlier testimony. However, Walker did not renew his motion to exclude his confession, nor did he ask for a mistrial. Therefore, this testimony—whatever its import—does not bear on the district court's pre-trial decision to admit the confession.

Because there was no collusion, there was no impermissible pre-arraignment delay.

## II

■ The district court properly held that Walker's confession was voluntary. Walker argues that his confession was obtained by coercion, strategic ploys, and a general overcoming of Walker's will. The district court properly noted that Walker was read his *Miranda* rights, understood them, knowingly signed a waiver of his rights, and agreed to speak with law enforcement officials. Walker initiated further conversations with law enforcement. He voluntarily took a polygraph examination and signed a consent form to be examined. The district court correctly found that Walker knew he was a suspect in the murder and understood his rights. After examining all the relevant evidence, the court concluded that "[t]he interrogating officers engaged in no trickery, deception, or other techniques that defeated Defendant Walker's will or free choice to participate in the interrogations." After a careful review of the record, we see no error in this determination.

## III

■ The district court did not err in declining to grant a mistrial based on alleged prosecutorial misconduct, a decision we review for abuse of discretion. *United States v. Steele*, 298 F.3d 906, 911 (9th Cir.2002). Walker objects to the government's solicitation of evidence that indicated that someone had admitted strangling the victim. However, the district court provided a strong curative instruction, informing the jury that there was no evidence that Larry Walker or any other person admitted choking or strangling the victim. We presume that jurors follow curative instructions. *Richardson v. Marsh*, 481 U.S. 200, 208, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987), and there is no evidence in the record indicating that the jurors did not follow the instruction.

## IV

■ The district court did not abuse its discretion in refusing to permit Walker to

provide expert testimony on confessions. The district court conducted a *Daubert* analysis and concluded that the testimony was not sufficiently reliable and did not have a sufficient nexus to the facts of the case at hand. The proffered testimony consisted of direct quotations of a ten year old law review article interspersed with descriptions of some of Walker's interrogations. The law review article consists of a general account of interrogation practices that could lead an innocent person to confess. The proffered testimony did not address Walker's interrogation specifically as to how Walker would have been likely to confess to a crime he had not committed. Under these circumstances, the district court did not abuse its discretion in denying admission of the evidence as unreliable and lacking an adequate nexus to the case.

## V

█ The district court did not err in denying Walker's proposed jury instruction stating that the jury could give lesser weight to the federal officers' testimony about Walker's statements because the statements were not recorded. However, unrecorded statements are admissible, *United States v. Coades,* 549 F.2d 1303, 1305 (9th Cir.1977), and we have never required a trial court to instruct a jury to give unrecorded statements less evidentiary weight. Given this, the district court did not abuse its discretion in declining to give the jury instruction.

## VI

For all these reasons, we **AFFIRM** the judgment of the district court.

THOMAS, Circuit Judge, concurring in part and dissenting in part:

I concur in all of the majority's opinion except Section I, from which I respectfully dissent. BIA agent Lietch testified at trial that federal authorities "had the Tribal police looking for Walker" and that he intended to question Walker after he was arrested by tribal authorities. His contemporaneous notes indicate that "we have tribal charges, warrants, against the—and the tribal police are helping us look for the mother and her boyfriends." Walker was arrested by the tribal police on a charge of "illicit cohabitation." He was then questioned in tribal jail numerous times over a period of several days. He was not arraigned on federal charges for another month.

Federal Rule of Criminal Procedure 5(a) requires that a person arrested for a federal crime must be taken before a magistrate "without unnecessary delay." Confessions obtained in violation of proper presentment are generally inadmissible unless made within the six hour safe harbor provided in 18 U.S.C. § 3501(c) or "if public policy concerns weigh in favor of admission." *United States v. Padilla–Mendoza,* 157 F.3d 730, 731 (9th Cir.1998). However, if local authorities acted in collusion with federal officers to arrest and detain someone in order to interrogate him in violation of his right to prompt federal presentment, a confession obtained during this period must be suppressed. *United States v. Alvarez–Sanchez,* 511 U.S. 350, 359, 114 S.Ct. 1599, 128 L.Ed.2d 319 (1994).

Given the pretextual tribal charges and the admissions of BIA agent Lietch, I would hold that Walker was deprived of his right of prompt presentment, and that his confession should therefore be suppressed.