**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 9, 2012[*]
Decided June 13, 2012

**Before**

JOEL M. FLAUM, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 11-2597

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. |
| *v.* | No. 3:10cr132-001 |
| FRANK E. STORK, *Defendant-Appellant*. | Jon E. DeGuilio, *Judge*. |

**O R D E R**

Frank Stork was found guilty by a jury on separate counts of possession by a felon of a firearm and ammunition. 18 U.S.C. § 922(g)(1). The gun and bullets were possessed simultaneously, so the district court vacated one of the counts and sentenced Stork to 82 months' imprisonment, near the bottom of his guidelines range.

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

Stork appeals. His trial attorney, as well as substitute counsel we appointed from Jenner & Block, withdrew at the request of Stork, who has chosen to proceed without a lawyer. In his pro se brief, Stork raises multiple claims, including ineffective assistance of counsel. That claim rests on several theories. Although the government has warned Stork that an ineffective-assistance claim brought on direct appeal typically is doomed because our review is confined to the trial record, *e.g., United States v. Gilliam*, 255 F.3d 428, 437 (7th Cir. 2001); *United States v. Cooke*, 110 F.3d 1288, 1299 (7th Cir. 1997), Stork insists in his reply brief that he wants the claim reviewed. We decline to do so; none of Stork's theories of ineffective assistance has support in the current record, and he has nothing to lose by waiting to pursue them in a collateral proceeding under 28 U.S.C. § 2255. *See Massaro v. United States*, 538 U.S. 500, 504–06 (2003); *United States v. Harris*, 394 F.3d 543, 557–58 (7th Cir. 2005). We have reviewed Stork's remaining claims, but they lack merit.

Around 10:30 p.m. on August 26, 2010, a police officer on patrol in South Bend, Indiana, stopped a gray Plymouth Voyager after he saw that the driver, Howard Kindred, was not wearing a seat belt. Stork, the only other occupant of the van, was sitting in the front passenger seat. At trial the officer testified that, while he was speaking to Kindred through the open driver's window, he heard "metal hitting the pavement" on the other side of the van and saw Stork's hand extended over the edge of his open window. The officer walked to the other side of the van and found a gun magazine on the ground next to Stork's door. A second police officer arrived and removed Kindred and Stork from the van while the first officer kept watch. He testified that three bullets fell from Stork's lap as he was removed from the vehicle. The second officer did not see the bullets fall, but the police found two .22-caliber bullets on the ground beneath Stork's door and a third bullet on the floorboard inside. A .22-caliber handgun without its magazine was found inside the van tucked into a small opening beneath the center of the dashboard. Stork was arrested and jailed on state charges until he was indicted for violating § 922(g)(1) and transferred into federal custody approximately two months later.

Stork first argues that his Sixth Amendment right to a speedy trial was violated. But his trial commenced less than fifteen weeks after he was indicted, and this brief delay is too insignificant to trigger further scrutiny under the balancing test which governs constitutional speedy-trial claims. *See Doggett v. United States*, 505 U.S. 647, 651–52 & n.1 (1992); *United States v. Loera*, 565 F.3d 406, 412 (7th Cir. 2009); *United States v. White*, 443 F.3d 582, 589–90 (7th Cir. 2006).

Stork next argues that the government failed to promptly take him before a magistrate judge for an initial appearance as required by Federal Rule of Criminal Procedure 5(a)(1)(A). This contention is premised on Stork's belief that his right to a timely initial appearance was triggered when a federal arrest warrant was issued, which occurred

13 days before he was brought to court and while he was in state custody. But Rule 5(a)(1)(A)'s command to act "without unnecessary delay" applies only after the defendant has been arrested for a *federal* crime. *United States v. Alvarez-Sanchez*, 511 U.S. 350, 358 (1994). Stork was "arrested" on the federal charges when the warrant was executed, not when it was issued, *see United States v. Perez-Perez*, 337 F.3d 990, 996–97 (8th Cir. 2003), and his initial appearance occurred on that same day. Moreover, even if there had been a delay, there was no adverse consequence to Stork in his criminal case and thus no basis for relief on appeal. *See United States v. Kirkland*, 567 F.3d 316, 320 (7th Cir. 2009).

Stork further argues that the district court erred in admitting the trial testimony of Alan Wiegand, a police officer who assisted in booking Stork into the county jail after his arrest. According to Wiegand, Stork told him during the booking process that he and Kindred had been "shooting off" a gun earlier that day. Defense counsel unsuccessfully objected that Stork's admission constituted "other crimes" evidence barred under Federal Rule of Evidence 404(b)(1). Stork presses this Rule 404(b) argument on appeal, but the court's ruling was not an abuse of discretion. Testimony indicating that Stork recently had possessed the same gun found in the van was evidence of his charged crime, not propensity evidence. *See United States v. Miller*, 673 F.3d 688, 694–95 (7th Cir. 2012); *United States v. Canady*, 578 F.3d 665, 671 (7th Cir. 2009).

We also reject Stork's claim that his conviction should be vacated because, he says, the testimony of his uncle, a government witness, was not disclosed to him before trial. John Jamison testified that he owned the Plymouth Voyager but did not own or have any knowledge of the gun found inside the van. Jamison also said that Stork had called him from jail and asked if he would claim possession of the gun. Stork's contention that this testimony was not disclosed before trial is refuted by the record. At a bench conference the prosecutor told the district judge that Jamison's testimony *was* proffered before trial, and neither Stork nor defense counsel contradicted this assertion. More importantly, though, Stork does not say what legal authority would have *compelled* pretrial disclosure of Jamison's expected testimony. A defendant has no constitutional right to discovery in a criminal case, *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977); *Batagiannis v. West Lafayette Cmty. Sch. Corp.*, 454 F.3d 738, 742 (7th Cir. 2006), and the government had no obligation to disclose its witnesses or their testimony before trial, *see* 18 U.S.C. § 3500(b); FED. R. CRIM. P. 16(a)(2), 26.2(a); *United States v. Bagley*, 473 U.S. 667, 670 n.2 (1985); *United States v. Kimoto*, 588 F.3d 464, 475–76 (7th Cir. 2009); *United States v. Warner*, 506 F.3d 517, 521–22 (7th Cir. 2007).

Stork's final argument is that the prosecutor committed misconduct during closing argument by asserting facts that had not been presented to the jury and which connected him to the gun. Four days after his arrest, while still in state custody, Stork had agreed to

speak with two police officers in a recorded session. During the conversation, which was played for the jury, Stork denied possessing the gun or throwing the magazine out the window, yet when asked why bullets had been in his lap, he said that "somebody" had tried to "throw it out the window." When the officers pressed him to identify this "somebody," Stork said it was "the person who was driving." During closing argument, the prosecutor recounted that Stork had admitted the bullets were in his lap but blamed Kindred for putting them there and throwing the magazine out the window.

We agree with the government that the prosecutor's remarks were a fair characterization of the evidence heard at trial and thus were not improper. Although Stork correctly notes that he never expressly "admitted" to the presence of the bullets in his lap, prosecutors are allowed to argue reasonable inferences from the evidence heard by the jury. *See United States v. Klebig*, 600 F.3d 700, 718 (7th Cir. 2009); *United States v. Ward*, 211 F.3d 356, 365 (7th Cir. 2000). Stork's responses to the officers' questions, taken together, easily permit an inference that Stork conceded the presence of the bullets in his lap while implicating Kindred for throwing them there. Indeed, rather than disputing the prosecutor's remarks in his own closing argument, Stork's lawyer agreed that Kindred had handled the gun and magazine and attempted to attribute them to Kindred instead of Stork. It was for the jury to decide whether to accept or reject this defensive theory.

Accordingly, we AFFIRM the judgment of the district court.