**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30064 |
| Plaintiff - Appellee, | D.C. No. 3:07-cr-00492-HZ-1 |
| v. | |
| ROBERT VINCENT MENDEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Argued and Submitted July 8, 2014
Portland, Oregon

Before: PREGERSON, PAEZ, and WATFORD, Circuit Judges.

Defendant Robert Vincent Mendez appeals his conviction of four counts of

bank robbery, in violation of 18 U.S.C. § 2113(a). Mr. Mendez argues that his

conviction should be reversed due to: (1) violation of the Speedy Trial Act; (2)

violation of the Sixth Amendment's Speedy Trial Clause; and (3) violations of the

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

*Miranda* rule, the *McNabb-Mallory* rule, and due process. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**1.** The Speedy Trial Act of 1974, 18 U.S.C. § 3161 et seq., provides that a trial "shall commence within seventy days from the filing date . . . of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). "[T]he 70-day time period d[oes] not begin running until [the defendant] first appear[s] before a judicial officer of the charging district." *United States v. Wilson*, 720 F.2d 608, 609 (9th Cir. 1983).

Mr. Mendez did not make his first appearance before a judicial officer in the District of Oregon — the charging district — until November 7, 2011. Defendant's trial was set for January 10, 2012, and his October 2012 trial took place within 70 non-excludable days from the date of his first appearance in Oregon. The district court therefore correctly denied Defendant's motion to dismiss for violation of the Speedy Trial Act.

**2.** The Sixth Amendment guarantees that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial . . ." U.S. Const. amend. VI. To determine whether a defendant's Speedy Trial Clause right has been violated, the district court balances the four *Barker* factors: "[1] whether delay before trial

2

was uncommonly long, [2] whether the government or the criminal defendant is more to blame for that delay, [3] whether, in due course, the defendant asserted his right to a speedy trial, and [4] whether he suffered prejudice as the delay's result." *Doggett v. United States*, 505 U.S. 647, 651 (1992) (citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972)).

The district court considered and properly balanced the *Barker* factors and found Mr. Mendez's Sixth Amendment Speedy Trial Clause right was not violated. Reviewing de novo, *see United States v. Beamon*, 992 F.2d 1009, 1012 (9th Cir. 1993), we agree that the *Barker* factors do not weigh in Mr. Mendez's favor.

**3.** Under the rule set out in *Miranda*, "[i]f the accused indicates that he wishes to remain silent, 'the interrogation must cease.' If he requests counsel, 'the interrogation must cease until an attorney is present.'" *Edwards v. Arizona*, 451 U.S. 477, 482 (1981) (quoting *Miranda v. Arizona*, 384 U.S. 436, 474 (1966)).

The district court found Mr. Mendez's testimony that he requested an attorney and asserted his right to remain silent not credible, and found the testimony of law enforcement officers that Mr. Mendez remained silent throughout his arrest both credible and consistent with the evidence. The district court did not err in its resolution of these conflicting accounts, especially considering the "special deference" paid to the court's credibility determinations. *United States v.*

*Nelson*, 137 F.3d 1094, 1110 (9th Cir. 1998); *see also United States v. Wolf*, 813 F.2d 970, 975 (9th Cir. 1987) ("Deference to the district court's factual finding is especially warranted here when the critical evidence is testimonial."). There was therefore no *Miranda* violation.

Under the rule set out in 18 U.S.C. § 3501(c), *McNabb v. United States*, 318 U.S. 332 (1943), and *Mallory v. United States*, 354 U.S. 449 (1957), any statements made by a defendant more than six-hours after arrest and before the defendant is presented to a magistrate (the "safe harbor" period) are presumptively inadmissible. *See United States v. Valenzuela-Espinoza*, 697 F.3d 742, 749 (9th Cir. 2011). The *McNabb-Mallory* rule applies only to suspects being held on federal charges. *See United States v. Alvarez-Sanchez*, 511 U.S. 350, 358 (1994). A delay in bringing an arrestee before a magistrate may be calculated from the time of a state arrest "if state or local authorities, acting in collusion with federal officers," delay presentment. *Id.* at 359.

Mr. Mendez was arrested on state charges, and was not detained on federal charges until after he confessed. There is also no evidence of collusion between state and federal officers. Moreover, federal agents were not notified of Mr. Mendez's arrest until a little more than three hours before Mr. Mendez confessed,

thus putting the confession within the six-hour "safe harbor" period.  Thus, Mr. Mendez's confession did not violate the *McNabb-Mallory* rule.

An involuntary confession gained through police coercion violates due process and requires the reversal of a conviction.  *See Gallegos v. State of Neb.*, 342 U.S. 55, 63, 65 (1951).

The district court properly held that Mr. Mendez voluntarily confessed and was not coerced by law enforcement officers.  After hearing the testimony of both Mr. Mendez and the interrogating officers, the court credited the law enforcement officers' version of events — the officers explained to Mr. Mendez that they were concerned about possible accomplices, and would need to search his family's homes if they believed his family members had aided in the bank robberies.  This statement had a legitimate investigative purpose, and was not coercive.

We also reject Mr. Mendez's argument that the district court failed to hold a "formal voluntariness hearing."  The district court held an extensive hearing on the motion to suppress, and multiple witnesses testified.

**AFFIRMED.**