NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 25 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>ALEKSANDAR DJORDJEVIC,<br><br>Defendant - Appellant. | No. 14-30212<br><br>D.C. No. 2:08-cr-00010-EFS-6<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, Senior District Judge, Presiding

Argued and Submitted November 17, 2015
Richland, Washington

Before: LEAVY, GRABER, and TALLMAN, Circuit Judges.

The district court did not err in denying the motion to suppress Djordjevic's

inculpatory statements when his statements were made before presentment and

more than six hours after arrest because the delay was not unreasonable or

unnecessary. *See Corley v. United States*, 556 U.S. 303, 322 (2009) (stating

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

standard). Djordjevic was in state custody, following his arrest by state officers on a federal warrant, when interviewed by federal agents. We hold that the delay was reasonable.

The court will look to either the reasonableness of the delay or the public policy concerns behind discouraging officers from delaying arraignments to extract a confession. *United States v. Van Poyck*, 77 F.3d 285, 289 (9th Cir. 1996); *see also United States v. Garcia-Hernandez*, 569 F.3d 1100, 1105-06 (9th Cir. 2009). A statement is inadmissible under 18 U.S.C. § 3501(c) if state authorities collude with federal agents to "detain someone in order to allow the federal agents to interrogate him in violation of his right to prompt federal presentment." *United States v. Alvarez-Sanchez*, 511 U.S. 350, 359 (1994). The district court found no such collusion here after conducting an evidentiary hearing. The district court's finding is not clearly erroneous.

Djordjevic was arrested by state authorities on Sunday evening, February 3, 2008. Federal agents interviewed Djordjevic on Monday, February 4, 2008, after being notified by state authorities that Djordjevic was in their custody. Because of the State's hold, federal agents did not take physical custody of Djordjevic until Tuesday, February 5, 2008, after which they promptly presented Djordjevic before a United States magistrate judge. We agree with the district court's conclusion that

the delay in Djordjevic's presentment was reasonable and necessary because it was due to the hold the State had placed on Djordjevic that had to be resolved before he could be transferred to federal custody.

The district court did not err in denying Djordjevic's motion for judgment of acquittal or new trial because there was sufficient direct and circumstantial evidence to support the jury's guilty verdict. *See United States v. Nevils*, 598 F.3d 1158, 1163-64 (9th Cir. 2010) (en banc) (stating standard); *see also United States v. King*, 660 F.3d 1071, 1076 (9th Cir. 2011) (same). Deputy Adler's report fully complied with Federal Rule of Criminal Procedure 16(a)(1)(A). *See United States v. Hoffman*, 794 F.2d 1429, 1432 n.4 (9th Cir. 1986) (holding that a verbatim transcript is not requried). Coupled with his pretrial testimony explaining what Djordjevic told the officers, the defense had adequate notice revealing the substance of Djordjevic's statements. The evidence at trial allowed the jury to determine whether Djordjevic had the requisite knowledge and intent to obtain a commercial drivers license (CDL) fraudulently under the scheme charged in the indictment. We hold that there was sufficient direct and circumstantial evidence to support the jury's finding that Djordjevic knowingly and intentionally obtained a CDL through a scheme and artifice to defraud the State of Washington in violation of 18 U.S.C. § 1346.

3

The honest services mail fraud statute, 18 U.S.C. § 1346, confined to bribery and kickback schemes, is not unconstitutionally vague. *Skilling v. United States*, 561 U.S. 358, 404 (2010). "A criminal defendant who participated in a bribery or kickback scheme, in short, cannot tenably complain about prosecution under § 1346 on vagueness grounds." *Id.* at 413. Furthermore, we previously held that Djordjevic's very conduct is covered by the statute. *United States v. Milovanovic*, 678 F.3d 713, 725 (9th Cir. 2012) (en banc). That constitutes the law of the case.

**AFFIRMED.**