344 F.Supp.2d 636 (2004)
In re CASES FILED BY DIRECTV, INC.
Nos. CV 03-00967-PHX (HRH); CV 03-00968-PHX (HRH); CV 03-00970-PHX (HRH); CV 03-00971-PHX (HRH); CV 03-00972-PHX (HRH); CV 03-00973-PHX (HRH); CV 03-00975-PHX (HRH); CV 03-00976-PHX (HRH); CV 03-00977-PHX (HRH); CV 03-00978-PHX (HRH); CV 03-00981-PHX (HRH); CV 03-00982-PHX (HRH); CV 03-00989-PHX (HRH); CV 03-00993-PHX (HRH); CV 03-00995-PHX (HRH); CV 03-00999-PHX (HRH); CV 03-01002-PHX (HRH); CV 03-01774-PHX (HRH); CV 03-01776-PHX (HRH); CV 03-01794-PHX (HRH); CV 03-02147-PHX (HRH); CV 03-02148-PHX (HRH); CV 03-02181-PHX (HRH); CV 03-02182-PHX (HRH); CV 03-02450-PHX (HRH); CV 04-00172-PHX (HRH); CV 04-00177-PHX (HRH); CV 04-00180-PHX (HRH); CV 04-00182-PHX (HRH); CV 04-00184-PHX (HRH); CV 04-00185-PHX (HRH); CV 04-00193-PHX (HRH); CV 04-00196-PHX (HRH); CV 04-00502-PHX (HRH); CV 04-00503-PHX (HRH); CV 04-00504-PHX (HRH); CV 04-00505-PHX (HRH); CV 04-00507-PHX (HRH); CV 04-00508-PHX (HRH); CV 04-00509-PHX (HRH); CV 04-00664-PHX (HRH); CV 04-00665-PHX (HRH); CV 04-00805-PHX (HRH); CV 04-00807-PHX (HRH); CV 04-00808-PHX (HRH); CV 04-00809-PHX (HRH); CV 04-00810-PHX (HRH); CV 04-00812-PHX (HRH); CV 04-00813-PHX (HRH); CV 04-00814-PHX (HRH); CV 04-00815-PHX (HRH); CV 04-00816-PHX (HRH); CV 04-00817-PHX (HRH); CV 04-00818-PHX (HRH); CV 04-00819-PHX (HRH); CV 04-00820-PHX (HRH); CV 04-00821-PHX *637 (HRH); CV 04-00822-PHX (HRH); CV 04-00828-PHX (HRH); CV 04-00829-PHX (HRH); CV 04-00832-PHX (HRH); CV 04-00835-PHX (HRH); CV 04-00836-PHX (HRH); CV 04-00837-PHX (HRH); CV 04-00840-PHX (HRH); CV 04-00842-PHX (HRH); CV 04-00844-PHX (HRH); CV 04-00850-PHX (HRH); CV 04-00851-PHX (HRH); CV 04-00852-PHX (HRH); CV 04-00853-PHX (HRH); CV 04-00854-PHX (HRH); CV 04-00856-PHX (HRH); CV 04-01041-PHX (HRH); CV 04-01374-PHX (HRH); CV 04-01898-PHX (HRH); CV 04-01899-PHX (HRH); CV 04-02040-PHX (HRH); CV 03-02180-PCT (HRH); CV 04-00181-PCT (HRH); CV 04-00194-PCT (HRH); CV 04-00841-PCT (HRH); CV 04-00846-PCT (HRH); CV 04-00044-TUC (HRH); CV 04-00045-TUC (HRH); CV 04-00153-TUC (HRH); CV 04-00202-TUC (HRH); CV 04-00203-TUC (HRH); CV 04-00204-TUC (HRH); CV 04-00205-TUC (HRH); CV 04-00207-TUC (HRH).
United States District Court, D. Arizona.
October 25, 2004.
Barbara J. Dawson, Matthew Paul Fischer, III, Melissa Mae Beilke Krueger, *638 Snell & Wilmer LLP, Phoenix, AZ, for Plaintiff.

ORDER
HOLLAND, District Judge.

GENERAL ORDER NO. 2

This Order Pertains to the Following Related Cases:

Motions to Dismiss Fourth Cause of Action Based upon 18 U.S.C. § 2512(l)(b)
Defendants Robert Huggins, Kristen Huggins, Eric Bush, and Melissa Bush move for judgment on the pleadings[1] on the issue of whether 18 U.S.C. § 2512[2] confers a private right of action. This motion is opposed.[3] Oral argument was not requested and is not deemed necessary.

Procedural Background
This case is one of many related civil cases filed by DirecTV in Arizona involving the alleged unlawful interception of satellite programming. These related cases are being jointly managed by the court but are not consolidated. The court has issued several case management orders ("CMO") regarding the jointly managed cases ("JMC").
CMO-1 stayed all motion practice in the JMC. By CMO-6, the court lifted the stay on motion practice as to the 2003 JMC. However, CMO-6 made special provisions, as summarized hereinafter, with respect to motions raising legal issues that would have application to all of the JMC.
As regards procedures for motion practice, CMO-6 provided:
(1) While the facts of individual JMC may vary considerably, and while discovery matters will likely have to be addressed on a case-by-case basis, matters of law are likely to have application in many if not all of the JMC. Except for good cause shown, legal issues involved in the JMC will be addressed only once.[[4]]
These procedures further provided that:
(b) Motions initiated by a defendant raising a legal issue applicable to multiple defendants shall be served upon all defendants and plaintiff simultaneously and filed with proof of service in the case file of the moving defendant. Plaintiff has prepared and shall provide to defense counsel upon request a master list of defendants in all of the JMC for use by defense counsel in serving such motions. Plaintiff shall update this master list regularly as necessary to keep the list currents.[[5]]
The foregoing provision applied to "all of the JMC" and CMO-6 further made provision for defendants in all of the JMC to join in defense motion practice served upon them.[6] Finally, CMO-6 provided that:
(h) Defendants in all of the JMC who are served with a multi-case motion are bound by the court's decision on all defense motions, irrespective of whether or *639 not they have joined in or opposed the motion. The court will file its decision on multi-case motions in all affected cases.... Having once ruled upon a subject, the court will abide by its initial ruling absent a clear showing that the initial ruling was wrong or that it is inapplicable to another party.[[7]]
The parties have observed the foregoing procedures in the development of the instant motion. Therefore, this order will have application to the legal issues herein decided for purposes of all of the JMC unless a party to a JMC shall show cause why it should not so apply within 14 days subsequent to the docketing of this order.
One further aspect of CMO-6 should be mentioned at this juncture. In CMO-6, the court specifically noted that in at least one of the 2003 JMC, Judge Martone has ruled[8] that 18 U.S.C. § 2512 creates a private cause of action. Judge Martone's order provides in pertinent part:
We read the statute to create a private cause of action for a person whose communication was intercepted against the interceptor for all violations of chapter 119, except section 2511(2)(a)(ii). It does not limit the private cause of action to violations involving interception. Congress explicitly referenced and exempted section 2511(2)(a)(ii), but not section 2512. We conclude that once a person has intercepted a communication, the aggrieved party may recover for the interceptor's possession of a device to intercept. [[9]]
Consequently, in CMO-6, this court directed that, "[u]nless, on or before July 30, 2004, a party to the 2003 JMC shall show cause why the court should do otherwise, there will be entered in all of the 2003 JMC an order adopting the foregoing holding[] for purposes of all of the 2003 JMC"[10] Plaintiff has asserted claims based on violations of 18 U.S.C. § 2512(l)(b) in all of the 2003 and 2004 JMC.
On July 30, 2004, defendants Huggins and defendants Bush[11] filed a motion for judgment on the pleadings on the issue of whether 18 U.S.C. § 2512(l)(b) confers a private right of action. Eighteen defendants [12] filed notices of joinder in the motion *640 for judgment on the pleadings, including Daniel Gruenemeier, who also moved for reconsideration of Judge Martone's order [13] denying Gruenemeier's motion to dismiss plaintiffs claim under 18 U.S.C. § 2512(l)(b).

Applicable Legal Standard
Rule 12(c), Federal Rules of Civil Procedure, provides:
After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.
"Judgment on the pleadings is proper when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." Honey v. Distelrath, 195 F.3d 531, 532-533 (9th Cir.1999) (citing Nelson v. City of Irvine, 143 F.3d 1196, 1200 (9th Cir.1998)).

Applicable Statutes
This matter involves the Wiretap Act, 18 U.S.C. §§ 2510-2522 (2000), which was originally enacted in 1968 to prohibit "most interceptions of an individual's oral or wire communications by an `electronic, mechanical, or other device' [18 U.S.C. § 2510(4], unless the interception falls within a statutory exception or is accomplished in accordance with statutory procedures." 1 Causes of Action (Second) 499, § 2 (2003) (citing 18 U.S.C. § 2511).
In 1986, Congress passed the Electronic Communications Privacy Act ("ECPA"), which broadened the Wiretap Act to cover the intentional interception of electronic communications as well as oral and wire communications. Konop v. Hawaiian Airlines, Inc., 302 F.3d 868, 874 (9th Cir. 2002), cert. denied, 537 U.S. 1193,123 S.Ct. 1292, 154 L.Ed.2d 1028 (2003). As amended, "[t]he Wiretap Act makes it an offense to `intentionally intercept ] ... any wire, oral, or electronic communication.'" Id. at 876 (quoting 18 U.S.C. § 2511(l)(a)).
Two sections of the Wiretap Act or ECPA are at issue in this motion, 18 U.S.C. § 2512(l)(b) and 18 U.S.C. § 2520(a).
18 U.S.C. § 2512(l)(b) provides:
(1) Except as otherwise specifically provided in this chapter, any person who intentionally
.....
(b) manufactures, assembles, possesses, or sells any electronic, mechanical, or other device, knowing or having reason to know that the design of such device renders it primarily useful for the purpose of the surreptitious interception of wire, oral, or electronic communications, and that such device or any component thereof has been or will be sent through the mail or transported in interstate or foreign commerce ...

.....
shall be fined under this title or imprisoned not more than five years, or both.
18 U.S.C. § 2520(a) provides:

*641 (a) In general.Except as provided in section 2511(2)(a)(ii),[[14]] any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate.

Discussion
The fourth cause of action in plaintiffs complaint claims that defendants violated 18 U.S.C. § 2512(l)(b), and specifically alleges:
45. Defendants possessed, manufactured, and/or assembled an electronic, mechanical or other device knowing, or having a reason to know, that the design of such device renders it primarily useful for the purpose of the surreptitious interception of wire or electronic communications.... [[15]]
Plaintiffs complaints in the other JMC make the same claim in the fourth cause of action.
Defendants now "move for judgment on the pleadings on the issue of whether 18 U.S.C. § 2512[(l)(b)] confers a private right of action." [16] Defendants specifically request the court to rule that 18 U.S.C. § 2520(a) does not create a private cause of action for violations of 18 U.S.C. § 2512(l)(b) and to dismiss from the JMC all of plaintiffs § 2512(l)(b) claims.
Defendants further request that the court decline to adopt Judge Martone's prior ruling that 18 U.S.C. § 2520(a) "create[s] a private cause of action for a person whose communication was intercepted against the interceptor for all violations of chapter 119, except section 2511(2)(a)(ii)." [17] Rather, defendants urge the court to adopt the reasoning of the Eleventh Circuit in DIRECTV, Inc. v. Treworgy, 373 F.3d 1124 (11th Cir.2004), a court of appeals decision which came out after Judge Martone's ruling.
In Treworgy, the Eleventh Circuit decided essentially the same legal issue raised by the subject motion for judgment on the pleadingsnamely, "whether 18 U.S.C. section 2520(a), as amended in 1986, provides a private right of action against persons who possess devices used to intercept satellite transmissions in violation of 18 U.S.C. section 2512(l)(b), a criminal offense." Id. at 1125. The Eleventh Circuit is the first, and to date the only, court of appeals to address this issue since the ECPA was enacted in 1986. Id. Addressing the issue as "purely a matter of statutory interpretation," the Eleventh Circuit found that "the plain language of section 2520(a) does not create a private right of action against a person who possesses a *642 device in violation of section 2512(l)(b)." Id. at 1125-1126.
In Treworgy, the Eleventh Circuit reasoned that the plain language of 18 U.S.C. §§ 2520(a) and 2512(l)(b) addresses two distinct concerns:
Section 2520(a) provides a civil remedy for the victim of the theft of an electronic communication. Section 2512(l)(b) provides a criminal punishment for those involved in trafficking devices used for the theft of electronic communications without need of proof that any person has yet been injured by that illegal commerce.
Because it creates a civil remedy, section 2520(a) properly defines both the victims for whose benefit the remedy exists and the offenders for whom liability is owed. The plaintiff is "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter." 18 U.S.C. § 2520(a). The defendant is "the person or entity which engaged in that violation." Id.

The phrase "which engaged in that violation" makes apparent the intent of Congress to limit liability to a certain class of defendants. 18 U.S.C. § 2520(a) (emphasis added). Congress chose to confine private civil actions to defendants who had "intercepted, disclosed, or intentionally used [a communication] in violation of ... chapter [119 of title 18]." Id. As explained by one district court, "as a matter of grammar and sentence structure, the phrase `that violation' refers to the interception, disclosure, or intentional use of communications mentioned earlier in the sentence, and not to the possession of prohibited devices."

Treworgy, 373 F.3d at 1126-27 (citation omitted).
The Eleventh Circuit also reasoned that construing the language "that violation" in § 2520(a) to mean "any violation" of the Wiretap Act is also constitutionally problematic. The court suggested that because "[possession of a pirate access device alone, although a criminal offense, creates nothing more than conjectural or hypothetical harm to [DirecTV]," DirecTV would be unable to establish a case or controversy within the meaning of Section 2 of Article III of the Constitution. Id. at 1127.
The Eleventh Circuit concluded "[because the language of section 2520(a) does not create a private right of action against a person who possesses a device in violation of section 2512(l)(b), we cannot create one." Treworgy, 373 F.3d at 1129. Since the Eleventh Circuit issued the Treworgy decision on June 15, 2004, numerous district courts across the country have adopted the holding and reasoning of Treworgy and dismissed DirecTV's claims under 18 U.S.C. § 2512(l)(b) for mere possession.[18]
Plaintiff argues that while the Treworgy decision governs courts in the Eleventh Circuit, this court need not follow that decision. Rather, plaintiff argues this court should look to the opinions in five cases filed by DirecTV in this district where judges have held that DirecTV has a private right of action under 18 U.S.C. *643 § 2512(l)(b).[19] Four of the opinions were issued by Judge Martone and one by Judge Bolton.[20] Because the four cases in which Judge Martone ruled that DirecTV does have a private cause of action under 18 U.S.C. § 2512(1)(b) are part of the 2003 JMC, plaintiff alleges that "these rulings constitute law of the case."[21]
Citing DirecTV, Inc. v. Savin, CV 04-0835-PHX (HRH), plaintiff further argues that this court has followed these earlier decisions. In Savin, defendants moved this court to dismiss plaintiffs claim pursuant to 18 U.S.C. § 2512(1)(b) for failure to state a claim upon which relief can be granted. By an order filed June 22, 2004, this court denied defendants' motion.[22] The order states in pertinent part:
A court in this district has already ruled on the issue raised in this motion. In DirecTV v. Humrich, No. 03cv0986-PHX (FJM), Judge Martone ruled that 18 U.S.C. § 2520 creates a private cause of action for a person whose communication was intercepted against the interceptor for all violations of 18 U.S.C. §§ 2510-2522 except Section 2511(2)(a)(ii). The court concluded that "once a person has intercepted a communication, the aggrieved party may recover for the interceptor's possession of a device to intercept."
This court considers itself bound by the foregoing holding. Defendants' motion for dismissal of plaintiffs claim pursuant to 18 U.S.C. § 2512 for failure to state a claim upon which relief can be granted does not demonstrate any error of fact or law in the Humrich decision. Defendants' motion for dismissal is denied.[[23]]
Plaintiff next argues that the plain language of 18 U.S.C. § 2520(a) provides DirecTV a civil damages claim under § 2512(l)(b). Plaintiff arrives at that conclusion by reasoning that § 2520(a) provides that:
any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity ... which engaged in that violation such relief as may be appropriate.
18 U.S.C. § 2520(a). Plaintiff argues that because "DirecTV is a person whose electronic communication has been `intercepted' or `intentionally used' in violation of Chapter 119 (specifically, in violation of 18 U.S.C. § 2512(1)(b))," "§ 2520 authorizes DirecTV to bring a civil action against Defendants for the recovery of damages." [24]
*644 Plaintiff argues that the 1986 amendment to 18 U.S.C. § 2520 expanded the private cause of action available under § 2520(a) to include "any person or entity who engaged in any violation of Chapter 119," including § 2512(l)(b).[25]
Whether 18 U.S.C. § 2512(l)(b) will support a private right of action under § 2520(a) is a legal issue of statutory interpretation. "Statutory interpretation begins with the plain meaning of the statute's language." Botosan v. Paul McNally Realty, 216 F.3d 827, 831 (9th Cir.2000) (citing United States v. Alvarez-Sanchez, 511 U.S. 350, 356, 114 S.Ct. 1599, 128 L.Ed.2d 319 (1994)). "Where the statutory language is clear and consistent with the statutory scheme at issue, the plain language of the statute is conclusive and the judicial inquiry is at an end." Id. (citation omitted). "Where the plain language of the statute is susceptible of more than one interpretation, `we are left with the task of determining the more plausible interpretation of the language Congress [chose].'" Microsoft Corp. v. C.I.R., 311 F.3d 1178, 1183 (9th Cir.2002) (quoting United States v. Hohri, 482 U.S. 64, 70, 107 S.Ct. 2246, 96 L.Ed.2d 51 (1987)). Here, the pertinent language of 18 U.S.C. § 2520(a) provides that "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity ... which engaged in that violation such relief as may be appropriate."
The plain language of 18 U.S.C. § 2520(a) thus creates a private right of action against a person who "intercepted, disclosed, or intentionally used" a wire, oral, or electronic communication in violation of chapter 119 of title 18. The plain language of § 2520(a) does not create a private right of action against a person for mere possession of a device in violation of § 2512(l)(b), nor does § 2520(a) create a private right of action for the manufacture, assembly, or sale of a device in violation of § 2512(l)(b).
"This interpretation is supported by two principles of statutory interpretation, noscitur a sociis and ejusdem generis. `The first means that a word is understood by the associated words, the second, that a general term following more specific terms means that the things embraced in the general term are of the same kind as those denoted by the specific terms.'" Microsoft Corp., 311 F.3d at 1185 (quoting United States v. Lacy, 119 F.3d 742, 748 (9th Cir.1997), cert. denied, 523 U.S. 1101, 118 S.Ct. 1571, 140 L.Ed.2d 804 (1998)) (internal citation omitted).
Under the first principle, the words "violation of this chapter" must be understood in the context of the associated words in the phrase "intercepted, disclosed, or intentionally used in violation of this chapter." 18 U.S.C. § 2520(a). Under the second principle, the general term "that violation" follows the more specific terms "intercepted, disclosed, or intentionally used in violation of this chapter." Thus, "intercepted, disclosed, or intentionally used" informs the court's understanding of "that violation." To interpret "that violation" as meaning "any violation of Chapter 119" is too much of a stretch. Because the phrase "that violation" refers to violations in which communications are intercepted, disclosed, or intentionally used, the plain language of 18 U.S.C. § 2520(a) does not create a private right of action under § 2512(l)(b) for the possession, manufacture, assembly, or sale of a device.
*645 Although the court need look no further to divine the meaning of 18 U.S.C. § 2520(a) because the plain language of the statute is clear, the legislative history of the ECPA also supports the conclusion that § 2520(a) creates a private cause of action for violations of § 2511, not § 2512. Senate Report No. 99-541 regarding the Electronic Communications Privacy Act states in pertinent part:
Section 103 of the Electronic Communications Privacy Act amends existing section 2520 of title 18 of the United States Code to incorporate violations involving interception, disclosure or intentional use of wire, oral, or electronic communications.
Proposed subsection 2520(a) of title 18 authorizes the commencement of a civil suit. There is one exception. A civil action will not lie where the requirements of section 2511(2)(a)(ii) of title 18 are met.
S.Rep. No. 99-541, at 26, 1986 U.S.C.C.A.N. 3555 (1986). The Senate report plainly indicates that § 2520(a), as amended, authorizes commencement of a civil suit for violations involving "interception, disclosure or intentional use of wire, oral, or electronic communications." The report does not state that § 2520(a) authorizes commencement of a civil suit for violations involving possession.
Moreover, the court notes that 18 U.S.C. § 2520 contains numerous references to § 2511, but does not contain a single reference to § 2512.
Based on the reasoning in the Treworgy decision and the plain language of 18 U.S.C. § 2520(a), defendants have made a good cause showing that this court should not adopt Judge Martone's previous holding that DirecTV has a private right of action under 18 U.S.C. § 2512(l)(b) for purposes of all of the JMC.
Contrary to plaintiff's allegation, Judge Martone's prior holding does not constitute "law of the case" for all of the 2003 JMC. "The law of the case doctrine ordinarily precludes a court from reexamining an issue previously decided by the same court or a higher court in the same case." Southern Oregon Barter Fair v. Jackson County, Oregon, 372 F.3d 1128, 1136 (9th Cir.2004) (emphasis supplied) (citing Old Person v. Brown, 312 F.3d 1036, 1039 (9th Cir.2002)). Moreover, "[t]he law of the case doctrine is a discretionary doctrine, which is founded upon the sound public policy that litigation must come to an end." Old Person, 312 F.3d at 1039 (quoting Jeffries v. Wood, 114 F.3d 1484, 1489 (9th Cir.1997) (en banc)).
The law of the case doctrine does not apply to DirecTV, Inc. v. Bush, CV 03-0999-PHX (HRH), nor to the vast majority of the JMC, because this court has not yet ruled on the issue of whether 18 U.S.C. § 2512(l)(b) confers a private right of action. As to the four cases in which Judge Martone previously ruled that DirecTV has a private right of action under 18 U.S.C. § 2512(l)(b)[26] and the one case in which this judge adopted Judge Martone's ruling,[27] this court will exercise its discretion not to apply the law of the case doctrine. Southern Oregon Barter Fair, 372 *646 F.3d at 1136 (citation omitted) ("even if the law of the case doctrine did apply, a court properly exercises its discretion to reconsider an issue previously decided if there has been an intervening change in the law"). While this court is not bound by the Eleventh Circuit's decision in Treworgy, supra, the Treworgy decision provides important guidance on the underlying motion. This court concludes that Treworgy correctly interprets § 2512(l)(b).
Furthermore, in light of this court's determination that 18 U.S.C. § 2512(l)(b) does not confer a private right of action, imposing the law of the case doctrine on the cases in which Judge Martone previously ruled that DirecTV has a private right of action under 18 U.S.C. § 2512(l)(b) would work a "manifest injustice." Thomas v. Bible, 983 F.2d 152, 155 (9th Cir.1993) (a court has discretion to reopen a previously resolved question where "a manifest injustice would otherwise result").
The Treworgy decision of the Eleventh Circuit speaks expressly to the absence of a private cause of action based upon possession of a prohibited device. Treworgy, 373 F.3d at 1126. However, the logic of the Treworgy decision has a greater reach. As the Eleventh Circuit states, Congress created a civil remedy in favor of those whose electronic communications were intercepted. Congress did not create a civil remedy against one who manufactures and/or assembles a prohibited device as alleged in plaintiffs fourth cause of action. Enforcement of the laws against manufacturing or assembling prohibited devices is left in the criminal sphere. Interception, however, is both made a crime and made the subject of a civil remedy.

Conclusion
Defendants' motion for judgment on the pleadings[28] is granted. Defendants' motion for reconsideration in DirecTV, Inc. v. Gruenemeier, CV 03-0968-PHX (HRH),[29] is granted.
The court holds that the fourth cause of action in plaintiffs complaint in DirecTV, Inc. v. Bush, CV 03-0999-PHX (HRH), is dismissed with prejudice. The court's order of November 10, 2003, in DirecTV, Inc. v. Gruenemeier, CV 03-0968-PHX (HRH), order of November 17, 2003, in DirecTV, Inc. v. Podczerwinski, CV 03-0973-PHX (HRH), and order of June 22, 2004, in DirecTV, Inc. v. Savin, CV 04-0835-PHX (HRH) are vacated.[30] The court further holds that plaintiffs claims based upon 18 U.S.C. § 2512(l)(b) and brought pursuant to 18 U.S.C. § 2520(a) in all of the JMC are dismissed with prejudice.
NOTES
[1] Clerk's Docket No. 62 in DirecTV, Inc. v. Bush, CV 03-0999-PHX (HRH).
[2] The defendants and plaintiff's complaint refer to a cause of action under 18 U.S.C. § 2512. As the relevant section of the statute is § 2512(l)(b), the court hereinafter refers to a cause of action under 18 U.S.C. § 2512(l)(b).
[3] Clerk's Docket No. 72 in DirecTV, Inc. v. Bush, CV 03-0999-PHX (HRH).
[4] CMO-6 at 21 (June 29, 2004).
[5] Id. at 22 (footnote omitted).
[6] See id. at 22-23, ¶ III.F(c).
[7] Id. at 23-24.
[8] Order (Nov. 17, 2003), Clerk's Docket No. 51 in DirecTV, Inc. v. Humrich, CV 03-0986-PHX (FJM).
[9] Id. at 2-3. This same language also appears in: Order at 2 (Nov. 10, 2003), Clerk's Docket No. 31 in DirecTV, Inc. v. Gruenemeier, CV 03-0968-PHX (HRH); Order at 2 (Nov. 17, 2003), Clerk's Docket No. 47 in DirecTV, Inc. v. Podczerwinski, CV 03-0973-PHX (HRH); and Order at 2 (Nov. 10, 2003), Clerk's Docket No. 17 in DirecTV, Inc. v. Cioto, CV 03-0975-PHX (HRH).
[10] CMO-6 at 7.
[11] Defendants Bush and plaintiff have reached a settlement. See Clerk's Docket No. 78 in DirecTV, Inc. v. Bush, CV 03-0999-PHX (HRH). This motion remains viable as to defendants Huggins in Bush and the remaining defendants in the other JMC.
[12] Defendant Clinton L. Holeman in DirecTV, Inc. v. Bush, CV 03-0999-PHX (HRH); defendants Michael and Cindy [sic] Montgomery in DirecTV, Inc. v. Montgomery, CV 03-2180-PCT (HRH); defendants Barry and Wilma O'Connor in DirecTV, Inc. v. O'Connor, CV 03-1000-PHX (HRH); defendants William and Suzanne Goforth in DirecTV, Inc. v. Goforth, CV 03-0977-PHX (HRH); defendant Bradley Matz in DirecTV, Inc. v. Matz, CV 04-0814-PHX (HRH); defendants David and Sharon Oliver in DirecTV, Inc. v. Oliver, CV 03-0995-PHX (HRH); defendants Richard and Carolyn Tirendi in DirecTV, Inc. v. Tirendi, CV 03-0971-PHX (HRH); defendants Jeffrey and Minnie Jo Shoults in DirecTV, Inc. v. Shoults, CV 04-0505-PHX (HRH); defendant Roy Salcido in DirecTV, Inc. v. Salcido, CV 04-0851-PHX (HRH); defendant Gruenemeier in DirecTV, Inc. v. Gruenemeier, CV 03-0968-PHX (HRH); and defendants Celia and Alfredo Trevino in DirecTV, Inc. v. Trevino, CV 03-2182-PHX (HRH).
[13] Order (Nov. 10, 2003), filed as Clerk's Docket No. 31, and motion for reconsideration, filed as Clerk's Docket No. 56, in DirecTV, Inc. v. Gruenemeier, CV 03-0968-PHX (HRH).
[14] 18 U.S.C. § 2511(2)(a)(ii) authorizes providers of wire or electronic communication service "to provide information, facilities, or technical assistance to persons authorized by law to intercept wire, oral, or electronic communications or to conduct electronic surveillance" and provides in pertinent part:

No cause of action shall lie in any court against any provider of wire or electronic communication service, its officers, employees, or agents, landlord, custodian, or other specified person for providing information, facilities, or assistance in accordance with the terms of a court order, statutory authorization, or certification under this chapter.
[15] Complaint at 16 (emphasis supplied), Clerk's Docket No. 1 in DirecTV, Inc. v. Bush, CV 03-0999-PHX (HRH).
[16] Defendants' Motion for Judgment on the Pleadings at 1-2, Clerk's Docket No. 62 in DirecTV, Inc. v. Bush, CV 03-0999-PHX (HRH).
[17] Order at 2 (Nov. 17, 2003), Clerk's Docket No. 51 in DirecTV, Inc. v. Humrich, CV 03-0986-PHX (FJM).
[18] See, e.g., DirecTV, Inc. v. Adrian, 2004 WL 1660665, at *2 (N.D.Ill. July 22, 2004); DirecTV, Inc. v. Haupert, 327 F.Supp.2d 990, 993 (E.D.Wis. Aug.4, 2004); DirecTV, Inc. v. Sampey, 2004 WL 2032102, at *3 (N.D.Ill. Aug.19, 2004); DirecTV v. DeCroce, 332 F.Supp.2d 715, 719 (D.N.J. Aug.19, 2004); DIRECTV, Inc. v. Swisher, 2004 WL 1381152, at *1 (W.D.Va. June 18, 2004); and DirecTV, Inc. v. Christomos, 2004 WL 2110700, at *1 (D.Or. Sept. 20, 2004).
[19] See: Order (Sept. 15, 2003), Clerk's Docket No. 57 in DirecTV, Inc. v. Cerreta, CV 02-2320-PHX (SRB); Order (Nov. 10, 2003), Clerk's Docket No. 17 in DirecTV, Inc. v. Cioto, CV 03-0975-PHX (HRH); Order (Nov. 10, 2003), Clerk's Docket No. 31 in DirecTV, Inc. v. Gruenemeier, CV 03-0968-PHX (HRH); Order (Nov. 17, 2003), Clerk's Docket No. 51 in DirecTV, Inc. v. Humrich, CV 03-0986-PHX (FJM); and Order (Nov. 17, 2003), Clerk's Docket No. 47 in DirecTV, Inc. v. Podczerwinski, CV 03-0973-PHX (HRH).
[20] Judge Bolton's case was terminated and is not one of the JMC.
[21] Plaintiff's Response to Motion for Judgment on the Pleadings at 2, filed as Clerk's Docket No. 72 in DirecTV, Inc. v. Bush, CV 03-0999-PHX (HRH).
[22] Order (June 22, 2004), Clerk's Docket No. 10 in DirecTV, Inc. v. Savin, CV 04-0835-PHX (HRH).
[23] Id. at 2-3 (footnotes omitted).
[24] Plaintiff's Response to Motion for Judgment on the Pleadings at 4-5, Clerk's Docket No. 72 in DirecTV, Inc. v. Bush, CV 03-0999-PHX (HRH).
[25] Id. at 7 (emphasis omitted).
[26] Order (Nov. 10, 2003), Clerk's Docket No. 17 in DirecTV, Inc. v. Cioto, CV 03-0975-PHX (HRH); Order (Nov. 10, 2003), Clerk's Docket No. 31 in DirecTV, Inc. v. Gruenemeier, CV 03-0968-PHX (HRH); Order (Nov. 17,2003), Clerk's Docket No. 51 in DirecTV, Inc. v. Humrich, CV 03-0986-PHX (FJM); and Order (Nov. 17, 2003), Clerk's Docket No. 47 in DirecTV, Inc. v. Podczerwinski, CV 03-0973-PHX (HRH).
[27] Order (June 22, 2004), Clerk's Docket No. 10 in DirecTV, Inc. v. Savin, CV 04-0835-PHX (HRH).
[28] Clerk's Docket No. 62 in DirecTV, Inc. v. Bush, CV 03-0999-PHX (HRH).
[29] Motion for Reconsideration, Clerk's Docket No. 56 in DirecTV, Inc. v. Gruenemeier, CV 03-0968-PHX (HRH).
[30] This issue is moot as to: the order of September 15, 2003, in DirecTV, Inc. v. Cerreta, CV 02-2320-PHX (SRB), the order of November 10, 2003, in DirecTV, Inc. v. Cioto, CV 03-0975-PHX (HRH), and the order of November 17, 2003, in DirecTV, Inc. v. Humrich, CV 03-0986-PHX (FJM), because those cases have all been terminated.