NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

————

No. 06-4976

————

UNITED STATES OF AMERICA

v.

ANTHONY SPRUILL
a/k/a TOP CAT

Anthony Spruill,
                                        Appellant

————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 0313-2:05-cr-00532)
District Judge: Hon. R. Barclay Surrick

————

Submitted Under Third Circuit LAR 34.1(a)
April 12, 2010

Before: SLOVITER, NYGAARD, Circuit Judges, and RESTANI*, Judge

(Filed: April 13, 2010)

————

OPINION

————

* Hon. Jane A. Restani, Chief Judge, United States Court of International Trade, sitting by designation.

SLOVITER, *Circuit Judge*.

Appellant Anthony Spruill was convicted by a jury of possession of five or more kilograms of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). On appeal, he challenges the District Court's denial of his motion to suppress his statements and the Court's imposition of a 405-month sentence. We will affirm.

## I.

## Facts

Spruill made the inculpatory statements to F.B.I. Special Agent Edward Galant while he was in prison on state criminal charges. Galant had previously advised Spruill that his drug dealing activities were the subject of an ongoing federal investigation. Two days after Spruill was arrested, Galant and a Philadelphia police detective interviewed Spruill at the correctional facility, and read him his *Miranda* rights. Spruill signed a form stating that he understood his rights and chose to waive them. Thereafter, Spruill admitted that he was selling approximately 30 kilograms of cocaine per month and discussed a number of other persons involved in the drug dealing operation. Several days later, Spruill contacted Galant and asked for another meeting. Galant testified that he orally advised Spruill of his rights. Spruill's testimony was to the contrary, but he acknowledged that he understood his rights at that time. At the second meeting with Galant, Spruill gave further statements that he supplied drugs to multiple persons and he provided additional information on others involved in local drug dealing activities.

Thereafter, the Government filed a criminal complaint in federal court charging Spruill with drug trafficking. He was arrested on a federal warrant. Galant interviewed Spruill once more and, after advising him of his rights, secured a waiver. Spruill then made the third inculpatory statement which he sought to suppress.

Spruill was indicted on September 15, 2005 on one count of possession of more than five kilograms of cocaine with intent to distribute. He pled not guilty and moved to suppress the three statements. After a hearing, the District Court denied the motion. Following a trial, the jury found him guilty and the Court sentenced him to 405 months imprisonment to be served consecutively with his state sentence.

## II.

## Motion to Suppress

Spruill argues that his conviction should be reversed because his statements were involuntary. We are unpersuaded. Spruill testified at the suppression hearing that he knew his rights. The District Court found that no promises were made to Spruill in exchange for his statements. Moreover, Spruill has long-standing involvement in the criminal justice system, and the encounters with Agent Galant were brief, allowing little opportunity for coercion. In *United States v. Jacobs*, 431 F.3d 99, 107 (3d Cir. 2005), we enumerated factors that should be considered in determining whether statements made to investigators are voluntary. After consideration of these factors, we have no basis to disagree with the District Court's determination that the statements were voluntary.

3

Spruill also argues that his statements should not have been admitted because they were made during a period of detention.  He contends that admission of his confession violates Federal Rule of Criminal Procedure 5(a), which requires federal arrestees to be presented before a federal magistrate "without unnecessary delay," and 18 U.S.C. § 3501, which directs district courts to consider "the time elapsing between arrest and arraignment" when determining the voluntariness of confessions.  This argument was rejected by the Supreme Court in *United States v. Alvarez Sanchez*, which held that § 3501 does not apply to a defendant held in state custody because there has been no "delay" in bringing that person before a federal magistrate.  *See* 511 U.S. 350, 357-58 (1994).  We will therefore uphold the District Court's denial of Spruill's suppression motion.

### III.

### Sentencing Determination

Spruill challenges his sentence on the ground that the District Court allegedly failed to give the careful and reasoned consideration to all of the statutory factors required under 18 U.S.C. § 3553(a).  He  argues that the District Court took into account only the need to protect the public and failed to consider, inter alia, his age and personal background.  This court has made clear that the sentencing court need not make explicit findings with respect to each factor; the record must simply demonstrate that all of the facts were taken into account.  *United States v. Jackson*, 467 F.3d 834, 841 (3d Cir.

2006).

Before announcing the sentence, the District Court first discussed Spruill's lengthy criminal history and then discussed other considerations, including Spruill's age and the circumstances surrounding this crime. The District Court set forth its rationale in reaching the sentencing determination. In addition to the District Court's concern for protecting the public, the Court referred to the other sentencing objectives, explicitly addressing deterrence, rehabilitation and the seriousness of Spruill's crime. The Court also considered the nature of the offense and the range of sentences that the Sentencing Guidelines establish and made a reasoned explanation for its determination. Finally, the Court clearly understood the gravity of the sentence imposed, and made its decision only because it felt "compelled" under the circumstances. App. at 534.

We are satisfied that the District Court fulfilled its responsibility to "consider[] the parties' arguments and ha[d] a reasoned basis for exercising [its] own legal decisionmaking authority." *See Rita v. United States*, 551 U.S. 338, 356 (2007).

**IV.**

**Conclusion**

For the foregoing reasons, we will affirm the judgment and sentence entered by the District Court.

5