**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1833
_____

UNITED STATES OF AMERICA

v.

ANTHONY SPRUILL, a/k/a TOP CAT

Anthony Spruill,
                                          Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Crim. No. 2:05-cr-00532-001)
District Judge:  Honorable R. Barclay Surrick

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 15, 2018

Before:  MCKEE, COWEN and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  May 21, 2019)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Anthony Spruill, a federal prisoner proceeding pro se, appeals from the District Court's denial of his motion for a sentence reduction filed under 18 U.S.C. § 3582(c)(2). We will affirm the District Court's judgment.

In 2006, a federal jury found Spruill guilty of one count of possession with intent to distribute five or more kilograms of cocaine in violation of 21 U.S.C. § 841(a)(1). The Probation Office determined that Spruill was responsible for distributing more than 70 kilograms of cocaine, resulting in a base offense level of 36 under the United States Sentencing Guidelines then in effect. That base offense level was increased by two levels because Spruill possessed a gun during the drug trafficking offense. Spruill's final offense level was established at level 38, with a criminal history category of IV, resulting in the sentencing guideline range of 324 to 405 months. At sentencing, the District Court overruled Spruill's objections to the drug quantity determination and gun enhancement, and adopted the guideline calculation set forth by the Probation Office in the Presentence Report. The District Court imposed a sentence of 405 months – the high end of the guideline range. We affirmed the judgment on direct appeal. United States v. Spruill, 373 F. App'x 318 (3d Cir. 2010) (not precedential).

Spruill has since pursued various challenges to his sentence, including an unsuccessful motion under 28 U.S.C. § 2255,[1] and motions filed pursuant to 18 U.S.C. § 3582(c)(2), which authorizes a district court to reduce the sentence of a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has

_____

[1] We declined Spruill's request for the issuance of a certificate of appealability. See C.A. No. 15-3535.

2

subsequently been lowered by the Sentencing Commission." As a result of the parties' agreement on August 5, 2015, with respect to his first § 3582(c)(2) motion, the District Court reduced Spruill's sentence to 327 months pursuant to Sentencing Guidelines Amendment 782.

Spruill's second § 3582(c)(2) motion is the subject of this appeal. He filed the motion in November 2016, once again relying on Sentencing Guidelines Amendment 782, as well as Amendments 591 and 794. In his motion, Spruill argued that he was entitled to a larger reduction than the one he received in 2015, because the District Court erred in determining the drug quantity at his 2006 sentencing and his original and amended guideline ranges were based on this erroneous finding. Spruill asserted that he should have only been held responsible for 30 kilograms of cocaine with a resulting original base offense level of 34 and an amended base offense level of 32. He further asserted that he should not have received a two-level enhancement for gun possession, that he was entitled to a four-level minor role reduction under Amendment 794, and that his criminal history point calculation was erroneous. The District Court denied the motion, and Spruill appeals.

On appeal, Spruill continues to press his argument that the District Court erred in finding him responsible for 70 kilograms of heroin and possession of a firearm, and for attributing a leadership role to him. He seeks a remand for resentencing consistent with Amendments 782, 591 and 794. The Government responds by asking this Court to affirm the District Court's order. The Government argues that Spruill's motion seeking to challenge or relitigate earlier guideline determinations is beyond the scope of §

3

3582(c)(2), that Amendment 591 has no application to this case, and that Amendment 794 was not given retroactive application by the Sentencing Commission.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We generally review a district court's denial of a motion for reduction of sentence under § 3582(c)(2) for abuse of discretion. United States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009). When a district court concludes that a defendant is not eligible for relief under § 3582(c)(2), however, our review is plenary. United States v. Weatherspoon, 696 F.3d 416, 421 (3d Cir. 2012).

A district court generally cannot modify a term of imprisonment once it has been imposed, but a defendant may be eligible for a reduction pursuant to § 3582(c) under certain circumstances. Section 3582(c) allows for a reduction if: (1) the sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and (2) "a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); United States v. Flemming, 723 F.3d 407, 410 (3d Cir. 2013). Section 3582(c)(2) "does not authorize a resentencing," but only "permits a sentence reduction within the narrow bounds established by the [United States Sentencing] Commission." Dillon v. United States, 560 U.S. 817, 831 (2010).

As Spruill acknowledges, he received a sentence reduction in 2015 pursuant to Amendment 782 when his base offense level was lowered from 36 to 34, his guideline range was adjusted downward to 262 to 327 months, and his sentence was reduced from

4

405 months to 327 months. Spruill did not appeal the reduction or sentence imposed.[2]

We agree with the Government's contention that arguments attacking Spruill's sentence on grounds unrelated to Amendment 782 are outside the scope of § 3582(c)(2) proceedings. See Dillon, 560 U.S. at 831; see also United States v. Ortiz-Vega, 744 F.3d 869, 873-74 (3d Cir. 2014) ("[A] court may not revisit or re-decide guideline applications during a § 3582(c)(2) proceeding, but rather must work only with the sentence actually imposed."); United States v. McBride, 283 F.3d 612, 616 (3d Cir. 2002) (holding that a defendant's argument based on Apprendi v. New Jersey, 530 U.S. 466 (2000), was outside the scope of a § 3582(c) motion).

Spruill's claims regarding Amendments 591 and 794 can be disposed of with little discussion. Amendment 591 relates to enhancements for drug trafficking activity in a protected location and is not applicable as Spruill did not receive any such enhancement. Relief pursuant to Amendment 794 is not available to Spruill either as that amendment, which took effect after his sentencing, has not been made retroactive. See U.S.S.G. § 1B1.10(d); see also Dillon, 560 U.S. at 821-22 (explaining that the relevant policy statement permits a reduction only on the basis of amendments that are made retroactive in U.S.S.G. § 1B1.10(d) (formerly § 1B1.10(c))).[3]

---

[2] As the Government notes, Spruill did not challenge the District Court's quantity determination or guideline calculation in his direct appeal, nor did he pursue any such claim in his motion filed pursuant to § 2255.

[3] In his reply brief, Spruill has cited Rosales-Mireles v. United States, 138 S. Ct. 1897 (2018), in support of his assertion that "[a] mistaken calculation under federal sentencing guidelines that is plain and affects a defendants [sic] rights should be corrected." See Reply Br. at 2. This argument fares no better than his others, however, as the Supreme

For the foregoing reasons, we will affirm the District Court's order denying Spruill's motion for a reduction

---

Court's decision in <u>Rosales-Mireles</u> addressed the plain error standard in Federal Rule of Criminal Procedure 52(b), which governs direct appeals.